## ADAMS COUNTY *v.* NATIONAL BOX CO.

[88 South. 168, No. 21768.]

1. TAXATION. *Exemption of factories includes property necessary to operation only; "manufacturing plant."*

   Under chapter 100, Acts 1916 (Hemingway's Code, sections 6878, 6879), the exemption allowed goes only to the manufacturing plant, which includes those things necessary in and to its operation. The act intends to exempt the real estate, buildings, machinery, improvements, and equipments, and other personal property, forming a part of, and belonging to, the plant, and essential to and necessarily used in its operation.

2. TAXATION. *Exemption statutes strictly construed against exemptions; exemption statute construed; raw materials and finished products not part of factory exempted.*

   Exemption statutes are to be strictly construed against exemptions to persons or corporations for gain; and chapter 100, Acts 1916 (Hemingway's Code, sections 6878, 6879), does not exempt raw materials and finished products on hand belonging to a factory, as they are not a part of the manufacturing plant, nor does it exempt a steamboat used exclusively in transporting logs to the factory for manufacturing purposes, it being no essential part of the plant used directly in its operation.

3. TAXATION. *Objection to assessment on ground of exemption precludes company from raising regularity of assessment on appeal.*

   Objection to an assessment of a company on the ground that it is exempt from taxation precludes the company from raising the point on appeal that the assessment was not made as required by law in assessing corporations, nor can such point be raised where the record evidence fails to show that the company is a corporation.

APPEAL from circuit court of Adams county.

HON. R. L. CORBAN, Judge.

Proceedings by Adams County to assess the National Box Company for personal property. Objections to the assessment were overruled by the board of supervisors, and on appeal the company's liability was fixed. From the judgment the county appeals direct, and the box company cross-appeals. Reversed on direct appeal, and affirmed on cross-appeal, and case remanded.

*Wilmer Shields,* for appellant.

The questions presented for review by this appeal and cross-appeal are: (1) Is a steamboat, of the assessed value of ten thousand dollars, navigating the Mississippi river, belonging to a corporation owning a factory exempt from taxation under chapter 100, Laws 1916, and used exclusively to convey raw materials to said factory, exempt from taxation as being a part of said factory? (2) Is the raw material to be used in such factory in the process of manufacture and the finished products thereof, while on the premises of such factory exempt from taxation under the provisions of said chapter 100, Laws 1916?

Turning to the statute invoked by appellee, we find that the exemption is granted to all permanent factories or plants of the kind hereinafter named, etc., and hence to resolve the questions raised it is only necessary to ascertain the sense in which the legislature used the words, "factories" and "plants" in this statute, for that part of the statute with which we are here concerned does not purport to exempt any property not comprehended under those terms. The standard dictionary defines "factory" as "an establishment appropriated to the manufacture of something, including the building and machinery necessary to such manufacture," and "plant" as "a set of machines, tools, etc., necessary to conduct a mechanical business; often including the buildings and grounds, or, in case of a railroad, the rolling stock, but not including material or product," and counsel for appellant has been unable to find any authoritative definition of either of said words broad enough to include raw materials, or manufactured products on hand, or a steamboat for transporting raw materials. Hence, even under the rule for construing statutes other than those granting exemptions that words in common use are to be construed in their natural, plain and ordinary signification, the claim of appellee for exemption should be denied.

But the rule is well settled, and in the case of corpora-tions organized for profit is universal, that statutes ex-empting property from taxation are to be strictly con-strued and in all cases of doubt as to the legislative inten-tion, or as to the inclusion of particular property within the terms of the statute, the presumption is in favor of the taxing power, and the burden is on the claimant to establish clearly his right to exemption.    37 Cyc. 891.

Immunity from taxation cannot be made out by infer-ence or implication, but must be conferred in terms too clear and plain to be mistaken, and in fact admitting of no reasonable doubt.    37 Cyc. 892.    This court has said, in *Yazoo & M. V. R. Co. v. Thomas,* 65 Miss. 553, that "legislation which relieves any species of property from its due proportion of the burdens of government must be so clear that there can be neither reasonable doubt nor con-troversy in regard to its meaning," and in *Ice Co.* v. *Green-ville,* 69 Miss. 86, the court says: "The party pleading ex-emption from taxation has imposed upon him the burden of clearly showing his title to the immunity claimed, and if his right may be fairly said to remain in doubt, the claim must be denied."    The court's attention is also called to *Morris Ice Company* v. *Adams,* 75 Miss. 410, and to the more recent cases of *Adams County* v. *Catholic Diocese of Natchez,* 110 Miss. 890, and *New Standard Club* v. *Mc-Raven,* 111 Miss. 92, in all of which case the doctrine of strict construction of such statute is laid down.

Under a statute exempting "property used in manufac-turing" it has been held that the property, to be exempt, must be used directly in the process of manufacture, and that vessels used to convey the raw product to the place of manufacture are not exempt.    See 26 Ruling Case Law, sec. 287, page 330, Title, "Taxation" citing *Martin* v. *New Orleans,* 38 La. Ann. 397, 58 Amer. Rep. 194.

The appellee, to say the least, has fallen far short of es-tablishing clearly its rights to the exemption claimed, and has not met and cannot meet the burden imposed upon it of showing clearly and beyond reasonable doubt and con-

troversy that the property in question is exempt from taxation under the terms of the statute invoked by it, and therefore appellant insists and submits that the judgment of the court below, in so far as it held said steamboat to be exempt from taxation should be reversed and in all other particulars affirmed, and that judgment for appellant should be entered here.

*Reed, Brandon & Bowman,* for appellee and cross-appellant.

We present briefly the following arguments in support of our contention: First: The law contemplated the exemption of factories or plants coming within the provision, from all taxation.

We reach this conclusion from a general knowledge of the purposes of the exemption granted. It was principally for no other purpose than to encourage the establishment and operation of these industries. Why then should the statute be construed so as to abrogate the provision that the said factories would be exempt from all taxation and confine it only to that specific property included in the application?

It can readily be appreciated that a factory could not at the very outset of its construction ascertain and set forth in the application every piece of property that would be placed in the plant or should form a part of the establishment. If it is held that only the property specifically described is exempt then any piece of machinery or other property afterwards placed in the plant or that may have been in the plant and not contained in the description would be liable for taxation. It is true that the law on this subject provides that the auditor shall notify the chancery clerk stating distinctly the property exempt, but we contend that this is not for the purpose of outlining in detail each and every article or piece of property exempt but simply to inform the taxing authorities that this particular factory is exempt from taxation and that the articles of description are to identify the holdings of the fac-

tory and not to restrict the taxation of these specific properties described.

Second: The National Box Company is a corporation and if it is to be taxed at all, it must be taxed in the manner provided for the assessment of corporations. The law is very plain that a corporation shall be assessed for the value of its capital stock less its real estate, and it cannot be assessed for raw materials, finished products or for any particular piece of property. We therefore say that the assessment as made cannot stand; that if assessed at all it should be in the manner provided for assessing corporations. We then say that the corporation is exempt from all taxation, because our statute so provides, and that the trial court was therefore in error in sustaining the contention of Adams county with respect to the particular items that were permitted to stand upon the assessment roll.

We further present that it was never the intention of the legislature in exempting all factories coming within this law from all taxation, to have assessed the raw materials and finished product of such plant or factory. In the first place both of these bear their just proportion of taxation without being additionally taxed, even were it contemplated that they should be so taxed. The raw material is nothing more than logs taken from real estate and which have unquestionably borne their share of taxation, and the finished product is nothing more than merchandise which immediately becomes liable for taxation, when it leaves the place from which it is manufactured. The statements of facts in this case show that the finished product manufactured by this plant was ordered and contracted for before the manufacturing thereof and that the same moved immediately from the plant from time to time as manufactured. We are sure that the legislature never intended that such factories should be offered exemptions and freedom from taxation in order to encourage their establishment and operation and then impose taxes both upon the material immediately before it was made into a

manufactured article, and follow it up immediately with another tax before it could be loaded and shipped out of the plant. It will be noted as a matter of common knowledge that logs are brought into the plant and converted into veneer probably within the course of a few days and then manufactured into boxes and re-shipped almost immediately. Does it stand to reason that it was the intention of the legislature to exempt a factory from all taxation and at the same time impose two separate taxes upon the materials used while the same are passing through the process necessary to produce articles in the finished state? We cannot believe that such was the intention of the legislature or that such is the law, but we do believe and contend that when the factories or plants of the kind named were granted exemption from all taxation that every article and character of property forming any part of its plant together with the materials actually used in the manufacture of its product are exempt from taxation.

Third:, The boat was a part of the equipment of the plant and clearly entitled to exemption from taxation. The agreed statement of facts recites: "That the boat used was used exclusively by said box company in transporting logs on the Mississippi River to its plant on the bank of the Mississippi River and was purchased exclusively for that purpose."

The only way that Adams county could place said boat within its jurisdiction would be to contend that the same was a part of the plant of the National Box Company and that when it tied up at the bank of the Mississippi River as the property of this factory, that it was in Adams county and subject to taxation. The boat, of course, does not stay in Adams county, but plies the Mississippi River and as above stated the *situs* for taxation is obtained only because it forms a part of this plant and makes regular trips to and from the city of Natchez. The facts show that it is used exclusively for the handling of logs for this particular factory. It was without question purchased for the specific purpose of transporting raw materials for use of this

factory and it is just as necessarily a part of the factory
as the equipment for hauling the logs up the hill from the
Mississippi River as the same are unloaded from the boat.
Opposing counsel has cited some case to the contrary, but
the facts of this case are not before the court and we are
satisfied that there is some material difference either in
the statement of facts or the law governing the case; but,
be that as it may, this court has never ruled upon a proposi-
tion of the kind and it is apparent even to a non-judicial
mind that this boat was just as necessarily a part of the
plant in question as any other part of its machinery or
equipment.   To assess it in Adams county is to admit that
its *situs* is at the plant and therefore that it is part of the
plant and the fact that it goes up and down the river makes
it no different from the cable cars that go up and down
the banks of the river from the plant to the water's edge
and we submit with all confidence that the ruling of the
trial court in this respect should be sustained.

In conclusion we again contend that this factory is ex-
empt from all taxation for a period of five years from the
date when the exemption was granted and that the ruling
of the trial court should be reversed wherein the assess-
ment was permitted to stand and that the same be affirmed
wherein the assessment on the boat was abated.

Holden, J. delivered the opinion of the court.

The National Box Company, located in Adams county,
was assessed on the personal tax rolls of the county with
certain personal property consisting of lumber, manufac-
tured products, and certain raw materials and supplies
to be used for manufacturing purposes, of the value of ten
thousand dollars, and one steamboat used exclusively for
transporting logs to the plant of the box company, of the
value of ten thousand dollars.

The box company filed its written objection to the as-
sessments on the ground that the box factory was exempt
from all taxation for five years, under chapter 100, Laws
of 1916 (Hemingway's Code, sections 6878, 6879).    The
objection to the assessment being overruled by the board

of supervisors, appeal was taken to the circuit court, where the judge heard the case and rendered a decision that the box company was liable for the ten thousand dollar assessment on its raw materials and finished products, but was exempt from taxation on the ten thousand dollar steamboat. From this judgment Adams county appeals direct, and the box company cross-appeals.·

The agreed statement of facts is here set out as follows:

"It is hereby agreed by and between the attorneys for plaintiff and defendant that all matters involved in this suit shall be submitted to the court for hearing and decision upon the following agreed statement of facts:

"(1) That the National Box Company is a manufacturing concern established in the city of Natchez, Adams county, Miss., subsequent to the passage of chapter 100 of the Laws of 1916, and is a factory entitled to such tax exemptions as are permitted by said act.

"(2) That attached is a copy of a communication from Robert E. Wilson, Auditor of Public Accounts, upon which the tax exemption of the National Box Company is based.

"(3) That the property assessed in this proceeding is of the value and of the kind as appears on the assessment rolls of said Adams county of the year 1920; is the property of the National Box Company, and is located in Adams county, Miss.

"(4) That the boat assessed was used exclusively by said box company in transporting logs on the Mississippi river to its plant on the bank of the Mississippi river, and was purchased exclusively for that purpose.

"(5) That said plant owns and keeps on hand only such raw materials, such as logs and the lumber, and veneer made therefrom, as is necessary for turning out its finished product, and that all of its finished product is made to fill orders given before the same is manufactured, and that all of said finished product is shipped as fast as cars can be obtained, as the same is manufactured.

"(6) That the National Box Company claims that it is exempt from the payment of all taxes for a period of

five years from the date when the exemption was permitted under the provisions of said chapter 100 of the Laws of 1916, and Adams county claims that only its real estate, machinery, and equipment is exempt, and that this does not include its raw materials or finished product."

The contention of the appellant, Adams county, is that the exemption allowed the appellee, National Box Company, extended only to its factory and plant, including the land, buildings, machinery, improvements, and equipments situated on said property and belonging to said box company, and all real and personal property forming a part of said manufacturing plant; that the exemption claimed does not cover the raw materials and finished products, nor the steamboat used in transporting logs to the factory.

The cross-appellant, the box company, contends that the personal property consisting of raw materials and finished products is exempt from all taxes as a part of the factory and plant; that the steamboat was exempt as a part of the plant because it was used exclusively in transporting raw materials to the plant to be manufactured into the finished product.

After a careful consideration of the questions involved we think the conclusion of the lower court that the raw materials and finished products on hand at the plant were subject to taxation is correct; and the ruling that the boat was exempt from taxation is erroneous, under the act in question.

The exemption allowed goes only to the manufacturing plant, which includes those things necessary in and to its operation. The language of the act, "all permanent factories or plants of the kind hereinafter named . . . shall be exempt from all state, county, and levee taxation," means all of the real estate, buildings, machinery, improvements, and equipments forming a part of and belonging to the plant, or any other personal property forming a part of the plant, essential to, and necessarily used in, its operation. Exemption statutes are to be strictly con-

strued against exemptions to persons or corporations for gain; and it seems clear to us the act here involved does not grant exemption to the box company on its raw materials and finished products, but goes only to the manufacturing plant and the things necessarily used in its operation. The personal property here assessed was no essential part of the plant, and is therefore subject to taxation.

The steamboat used exclusively in transporting logs to the factory is not exempt from taxation because it is not a necessary part, or equipment, of the plant. It is not shown by the record that logs could not have been transported to the factory by other means, or that the plant could not have operated without the use of the boat to transport the materials for manufacturing purposes. Those things or equipments of the plant which are exempt from taxation must be used directly in the manufacturing operations of the factory; otherwise they are not exempt. In this view it appears that the steamboat was not exempt as a necessary part of the factory.

Another point raised by the cross-appellant is that the method of assessing the box company was void for the reason that it is a corporation, and should be assessed in the manner provided for the assessment of corporations. The point is unavailing because the objection to the assessment below was not put on this ground at all but was based upon the claim of exemption from taxation. Furthermore, the facts in this record do not show that the box company is a corporation.

The judgment of the lower court on direct appeal is reversed, affirmed on cross-appeal, and the cause remanded.

*Reversed in part, affirmed in part, and remanded.*