LAND, J.
 

 This is a proceeding by mandamus, in which relator, the Acme Products Company, seeks to compel the Louisiana tax commission and the assessor of Calcasieu parish to value the items listed under the term “merchandise” in relator’s assessment
 
 *725
 
 return for the year 1924 at 10 per cent, of their actual value, to wit, the sum of $12,800, and to cancel and erasé from the tax roll of Calcasieu parish for said year the valuation and assessment of said items in excess of $12,800.
 

 This contention is made by relator under the provisions of Act 66 of 1924, which provides that:
 

 “Plants engaged
 
 exclusively in utilizing waste materials, such as pine stumps, roots, limbs, and other waste resinous dead pine wood in the manufacture of rosin, turpentine, pine oils, pitch, and other naval stores, allied products, wood pulp and paper,
 
 shall be and the same are hereby classified
 
 in accordance with the permission granted by the terms of section 1, of article X of the Constitution of Louisiana, and are hereby constituted a separate class for purposes of assessment and taxation,
 
 and such plants shall,
 
 from and after January 1, 1924, and for a period of ten years thereafter,
 
 be valued
 
 by the assessing authorities for state purposes at ten per cent, of actual value and so listed; and such valuation and listing shall be binding for local purposes, upon all subdivisions in which such plants are located.”
 

 In relator’s assessment return for the year 1924 is an item for “tools and equipment used in manufacturing process, $15,582.” This and the other items in the return are placed under the head of “merchandise”; the latter consisting of “raw material on site awaiting manufacture,” “material in process of manufacture,” and “manufactured products on site and unsold,” valued at $112,418, in addition to the valuation for tools and equipment, or a total valuation of $128,000.
 

 The relief prayed for by relator was granted, in so far as concerns the item of “tools and equipment,” which were assessed by the court below at 10 per cent, of their actual listed value,, and the writ of mandamus was perpetuated to that extent.
 

 In other words, the trial judge held that Act 66 of 1924 applied only to the “plant” of relator, and, in fixing the amount of the assessment, deducted the value of the tools and equipment, to wit, $15,582, from the total value of all the property returned to wit, $128,000, and to this remainder added 10 per cent, of such value, or • the sum of $1,558, thereby reducing the assessment to $113,976.
 

 In our opinion the holding of the court below is correct. Act 66 of 1924 distinctly declares that:
 

 “Plants engaged
 
 exclusively in utilizing waste materials, * * *
 
 shall be and the same are hereby classified, *
 
 * *
 
 and are hereby eo%vstituted
 
 a separate class for purposes of assessment and taxation,
 
 and such plants * * *
 
 shall be valued * * * for state purposes at ten per cent, of actual value and so listed.”
 

 The Standard Dictionary defines “plant,” as applied to a factory, as—
 

 “A set of machines, tools,- etc., necessary to conduct a mechanical business, often including the buildings and grounds or, in case of a railroad, the rolling stock, but not including material or product.”
 

 A “plant,” in the usual acceptation of that term, consists of:
 

 “The fixtures, machinery, tools, apparatus, etc., necessary to carry on any trade or mechanical business, or any mechanical operation or process.” Century Dictionary.
 

 “The words of a law are generally to be understood in their most usual signification,” etc. It. C. C. art. 14.
 

 As the word “plant” does not include material on hand, or material in process of manufacture, or in a finished state, the trial judge has correctly construed and applied Act 66 of 1924 to the facts of this ease.
 

 A question similar to the one here presented arose in the case of Adams County v. National Box Co., 88 So. 168, 125 Miss. 598, and the Supreme Court of Mississippi held as follows:
 

 “It seems dear to us that the act here involved does not grant exemption to the box company on its raw materials and finished products, but goes only to the manufacturing plant.”
 

 Judgment affirmed.