NATCHEZ INV. CO. *v.* CITY OF NATCHEZ.

(Division B. Nov. 25, 1929.)

[124 So. 654. No. 28177.]

Chas. **F**. **Engle** and **John Dale**, both of Natchez, for appellant.

**W**. **C**. **Martin**, of Natchez, for appellee.

**Anderson, J.,** delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Adams county, holding that the furnishings in and the lot on which the Eola Hotel in the city of Natchez stands are liable for municipal taxes. From that judgment appellant, the owner of the hotel, prosecutes this appeal.

The lot on which the Eola Hotel stands, and the furnishings in the hotel, were assessed for municipal taxes for the city of Natchez for the year 1928. When the assessment roll came before the board of mayor and aldermen of the city for equalization and approval, appellant, the owner of the hotel, protested against such assessment, on the ground that, under the law, the lot and furnishings were exempt from municipal taxes. The mayor and board of aldermen passed an order rejecting appellant's protest, and approved the assessment. From that order, appellant appealed to the circuit court, where the cause was tried on agreed facts embodied in the record in writing, which agreement, leaving off the formal parts, follows:

"The city of Natchez acting under chapter 347 of Laws of 1924 adopted as provided in said laws and in chapter 246, Laws of 1920, and chapter 259, Laws of 1922, a general resolution or ordinance exempting from municipal taxation all permanent hotels and permanent additions to existing hotels as allowed in said laws and pursuant

thereto. The Eola Hotel was thereafter constructed as a permanent hotel within the provisions of said resolution or ordinance. The tax authorities recognized the exemption as to the Hotel Building, but assessed the land on which the building stands and also the furniture and fixtures and machinery used in connection with the Hotel. The question here for decision is as to whether the term 'Permanent Hotel' includes the land on which the building stands and the furniture and fixtures and machinery used in connection therewith and necessary thereto—either or both—all of said fixtures, etc., were new and placed in Hotel after completion. Submitted this April 12th, 1929.''

Section 1, chapter 347, Laws of 1924 (Hemingway's Code 1927, section 8176), provides as follows:

''All permanent hotels, and all permanent additions to existing hotels, which shall hereafter be constructed before the first day of January, 1928, shall be exempt from county and municipal taxation for a period of five years from the time of the completion of the construction thereof, at the discretion of the board of supervisors of the county and the governing authorities of the municipality where such hotel is to be constructed, such exemption to commence from February first following the date of the completion of such hotel, or addition thereto.''

In Board of Sup'rs of Bolivar County v. Merck & Alston (Miss.), 120 So. 839, the question was whether, under this statute, the board of supervisors of Bolivar county had authority to exempt from taxes the furniture, fixtures, and equipment of the hotel there involved. The court, applying the principle that a taxing statute should be strictly construed against the power to tax, denied the exemption.

Appellee argues that, applying that principle, the exemption granted by the city of Natchez to appellant for the Eola Hotel covered nothing except the hotel building,

and therefore not only the furnishings and equipment of the hotel were subject to municipal taxes, but also the lot on which the hotel stands. This question was not involved in the Bolivar county case—only the hotel furniture, fixtures, and equipment were involved. We think it would be stretching the controlling principle in the Bolivar county case too far to hold that the statute applies alone to the hotel building, and excludes the lot on which it stands. A hotel building and the lot upon which it stands are inseparable—a hotel cannot exist without a lot to stand on. The statute provides that all "permanent hotels, and all permanent additions to existing hotels, which shall hereafter be constructed before the first day of January, 1928, shall be exempt from county and municipal taxation for a period of five years." Under the holding in the Bolivar county case, the furnishings and equipment of a hotel do not constitute a part of the hotel building.

Appellant argues, however, that that case is in conflict with the case of Adams County v. National Box Co., 125 Miss. 598, 88 So. 168. The exemption from taxes in that case was extended to "all permanent factories or plants" of the character described in the statute. The question was whether the statute applied to raw materials and finished products of the factory on hand. The court held that it did not.

The furnishings and equipment of a hotel are movable; the land on which it stands is not movable. The hotel building unfurnished is susceptible of ownership by one person, and the furnishings and equipment therein by another person. The owner of a building unfurnished might lease it to a person who would undertake to furnish it, and operate it as a complete hotel.

It results from these views that the lot on which the hotel involved stands is exempt from municipal taxes, while the furnishing and equipment therein are not.

The judgment is affirmed so far as the furnishings and equipment of the hotel are concerned, and reversed and judgment here for appellant so far as the land on which the hotel stands is concerned.

Affirmed in part, and reversed in part.