GREENVILLE ICE AND COAL COMPANY *v.* CITY OF GREENVILLE.

1. CONSTRUCTION OF STATUTES. *Exemption from taxation.*

Statutes exempting from the common burden of taxation are strictly construed.

2. EXEMPTION FROM TAXATION. *Burden of proof.*

Accordingly, it devolves on one claiming exemption from taxation to clearly show his right thereto. If the right is doubtful, the doubt will be resolved against such claim.

3. SAME. *Act of 1882.*

In section one, act of 1882, page 84, exempting machinery used for manufacture of certain specified articles from taxation for ten years, the words "all other articles or things not prohibited by law," must be limited to articles of the same class with those just enumerated—*i. e.*, machinery or implements of husbandry.

4. SAME. *Ice factories.*

Factories for the manufacture of ice are not exempt under said statute.

FROM the circuit court of Washington county.
HON. R. W. WILLIAMSON, Judge.

On March 9, 1882, was passed "An act to encourage the establishment of factories in this state and to exempt them from taxation." The act contains, among other things, the following sections:

"SECTION 1. *Be it enacted by the legislature of the state of Mississippi,* That to encourage the introduction of factories in this state, the machinery used for the manufacture of cotton and woolen goods, yarns, or fabrics composed of these or other materials, or for the making of all kinds of machinery or implements of husbandry, or all other things or articles not prohibited by law, the manufactured goods and the materials used therefor, the buildings in which the machinery is located and grounds upon which situated, or which may be within the necessary inclosure around such buildings; also all warehouses and other store-houses used exclusively by the company in its business and adjacent to the factory and its inclosures, and also the offices of the officers and employes adjacent to and located on the grounds of such factory, and used by them alone, but shall not apply to any railroad shops or machine-works which are the property of railroads, and no other property, shall be, and is hereby declared to be, exempt from all taxation, state, county, and municipal, for the period of ten years from the time such factory is completed and in operation. . . . .

"SEC. 4. *Be it further enacted,* That all capital hereafter employed in canning factories, and capital employed in the operation of the Clements attachment, shall be exempt, as provided in the first and second sections of this act."

The Greenville Ice & Coal Company was incorporated after the passage of the above statute, and its business is the manufacture of ice and the bottling of soda-water by machinery in the city of Greenville. Having been assessed for taxes by the said city on all its real and personal property

used in said business, the said company petitioned the board of mayor and aldermen of the city to be released from assessment and taxation on that portion of the property engaged in the manufacture of ice, claiming exemption under the above statute. The application was denied, and an appeal taken to the circuit court, where the case was tried by the court without a jury, by consent of the parties, and resulted in a judgment for the city, and from that judgment this appeal is prosecuted.

*Jayne & Watson*, for appellant.

Making ice from water by artificial means is a manufacture of ice. *People* v. *Knickerbocker Ice Co.*, 99 N. Y., 181; *Attorney-general* v. *Lorman*, 59 Mich., 157. The statute of 1882 is very inartificially drawn, but its language is broad enough to cover all kinds of factories except such as are prohibited by law, and machine-shops belonging to railroad companies. Its declared purpose is to encourage the introduction of factories. It specifies certain kinds of machinery, and then broadens out to embrace machinery in the manufacture of any thing not prohibited by law. The rule that these words must be limited to things of like kind as those specified cannot be applied. To give force to the words "or all other things or articles not prohibited by law," we must construe it to mean all other kinds of manufactories not prohibited by law; otherwise, why modify this general exemption by expressly excluding therefrom railroad shops or machine-works? These are not of like kind with those enumerated. The purpose of the act was to offer inducements for establishing factories in this state. It cannot be doubted that the language includes ice factories.

*Calhoon & Green*, on the same side,

Filed a brief and written argument discussing the statute in its several parts and as a whole, and contending that by its language and its obvious intent ice factories are embraced within the exemption.

*Campbell & Starling,* for appellee.

The statute exempts only three classes of factories : (1) Those manufacturing goods, yarns, or fabrics composed of cotton or wool or similar material; (2) those manufacturing machinery or similar articles; (3) those manufacturing implements of husbandry or similar articles.   The words, " all other things or articles not prohibited by law," must be referred to the words, " machinery or implements of husbandry," that precede them, and should be construed as *ejusdem generis.*   The words, " not prohibited by law," cannot be held as excluding that construction.   Surely it was not the intention to exempt every factory that manufactured an article.   The words quoted mean other things or articles similar to those specified, or they mean every thing that can be made by machinery, and as to which there is no express prohibition by law.   If the legislature intended the latter it would have merely used comprehensive language without enumerating a certain class of articles.

Section 4 of the act throws light on the question.   It exempts capital invested in canning factories and in the operation of Clement's attachment.   If the language of section 1 embraced every thing manufactured, there was no necessity for section 4.   Taxation is the rule; exemption is the exception.   The statute must be construed strictly, and, unless the exemption is granted by unambiguous language, it will not be allowed. Cooley on Taxation, 204.

Argued orally by *M. Green,* for appellant, and *R. B. Campbell,* for appellee.

WOODS, J., delivered the opinion of the court.

The language of the statute, entitled "An act to encourage the establishment of factories in this state, and to exempt them from taxation," approved March 9, 1882, is marvelously infelicitous in many, and absolutely meaningless in some of its parts, if its letter is rigidly adhered to.

The statute in its first section declares exempt from taxation for a period of ten years " the machinery used for the manufacture of cotton or woolen goods, yarns, or fabrics composed of these or other materials, or for the making of all kinds of machinery or implements of husbandry, or all other things or articles not prohibited by law," etc.  It would seem from an attentive examination of this language that the legislative intention was to encourage the establishment of manufacturing enterprises in this state, to the extent of exempting from taxation for the period named, (1) machinery used for the manufacture of cotton and woolen goods, and other fabrics composed of like materials; and (2) machinery used for making all kinds of machinery or implements of husbandry, and all other articles or things of like character with those last enumerated.

The words " not prohibited by law " convey no meaning, and may be disregarded in any effort to ascertain the construction of the statute, inasmuch as neither the manufacture of any textile fabrics, nor machinery, nor agricultural implements, nor any other manufactured product are prohibited by law.

The general words, "all other articles or things not prohibited by law," by a well-known rule of statutory interpretation must be referred to the particular words which they immediately follow, and will include only articles or things *ejusdem generis* with those specifically enumerated, unless the context clearly requires that the general words shall be construed in their larger signification.  We nowhere find in the act any words or provisions indicative of a clear legislative purpose to extend the exemption further than the specifically enumerated cases, and others of like character.

It must not be forgotten, too, that this well-known rule of interpretation is of special application and force in seeking to ascertain the legislative intent in statutes which require strict construction.  Statutes imposing the burden of taxation receive strict construction, and statutes exempting from

the common burden of taxation must likewise receive strict construction.

Furthermore, if we look to the fourth section of this very obscure and imperfect statute, the foregoing view will receive strong confirmation.  This fourth section, if it means any thing, declares that all capital hereafter employed in canning factories, and capital employed in the operation of the Clements attachment, shall be exempt from taxation, as provided in the first and second sections of the act.

Now, canning factories and the Clements attachment are not *ejusdem generis* with the specifically enumerated cases exempted from taxation in the first section of the act.  They were not included in the words, "all other articles or things not prohibited by law," and are, therefore, themselves specifically named for exemption in the fourth section.  This exemption of canning factories, etc., in the fourth section is wholly idle and meaningless if all factories of every character and description had already been exempted by the general words in section one, which we have been considering.

The statute must be held to mean all those other manufactured articles or things of character similar to the particular classes just then enumerated, to wit; machinery used for making machinery or implements used in husbandry.

The party pleading exemption from taxation has imposed upon him the burden of clearly showing his title to the immunity claimed, and if his right may be fairly said to remain in doubt, the claim must be denied.

We are of opinion that factories for the manufacture of ice are not entitled to the exemption provided by the statute.

*Affirmed.*