NEW STANDARD CLUB v. McGOWEN, CITY TAX COLLECTOR.

[71 South. 289.]

1. EQUITY. *Practice. Hearing on bill and answer. Taxation. Exemptions. Burden of proof. Statutes. Charity. Fraternal orders.*

Under Code 1906, section 603, so providing, where complainant sets down a cause for hearing on bill and answers before the expiration of the time allowed by law for taking testimony, the answer must be taken as true.

2. TAXATION. *Exemptions. Statutes.*

One claiming an exemption from taxation assumes the burden of showing that he is entitled to it.

3. SAME.

Statutes of exemption from taxation must be strictly construed, and the languages employed must be construed most favorably to the state.

4. TAXATION. *Exemptions. Charity.*

Under Code 1906, section 4251, paragraph D., exempting from taxation all property, real or personal, belonging to religious or charitable societies and used exclusively for the purpose of such societies and not for profit, the property of a social club, the main purpose of which was to furnish diversion for the members, their families and friends, but incidentally dispensing charity to the members and outsiders is not exempt from taxation.

5. TAXATION. *Exemptions. Fraternal orders.*

Under Code 1906, section 452, exempting from taxation the property and revenues of any religious, charitable, or benevolent society on the lodge system, where no dividends are declared, a social club which collected dues and devoted part of them to charitable purposes but was not run on the fraternal or benevolent lodge system, cannot escape taxation.

APPEAL from the chancery court of Lauderdale county.
HON. G. C. TANN, Chancellor.

Bill by the New Standard Club against E. B. McGowen, City Tax Collector of the city of Meridian. From a decree for defendants, complainant appeals.

This is an appeal from chancery court of Lauderdale county. The city of Meridian assessed the property of the New Standard Club, consisting of its clubhouse and grounds, in the city of Meridian, for taxes for the fiscal year of 1914. There was no appeal from the assessment, but when the tax collector undertook to collect the taxes, pursuant to the assessment, the New Standard Club filed its bill of complaint enjoining the collection of the taxes.

The tax collector answered the bill of complaint, and the cause was set down for hearing by the defendant within the time alowed by law for taking depositions on bill of complaint, exhibit thereto, and answer of defendant. The chancellor dissolved the injunction, and rendered a decree in favor of defendant for taxes due, together with interest and damages, as provided by law. From this decree, complainant appeals.

Appellant contends that certain property situated in the city of Meridian and owned by it is exempt from taxation, under the provisions of paragraph "d" of section 4251, Code 1906, and under the provisions of section 4252, Code 1906.

Paragraph "d," section 4251, Code 1906, is as follows:

"All property, real or personal, belonging to any religious or charitable society, and used exclusively for the purpose of such society and not for profit. All property, real or personal, belonging to any college or institution for the education of youth, used directly and exclusively for such purpose."

Section 4252, Code 1906, is as follows:

"All public libraries and buildings in which the free public schools are taught and the lots on which the same are situated, not exceeding four acres in dimensions, without cost to the state or any county or municipality thereof for rent or lease, and also the real and personal property of library associations, used for library purposes where no dividends are declared, and to which the children attending the public schools have free access; and all the property, real and personal, and the revenues

derived therefrom belonging to any religious or charitable society or benevolent order on the lodge  system where no dividends are declared and where the revenues threof are used for fraternal and benevolent purposes, shall be exempt from all state, county, and municipal taxes.''

The bill of. complaint sets out the charter of incorporation, and it shows that the declared purpose of the New Standard Club, as set out in its charter, is as follows:

''. . . For the promotion of social, literary, and intellectual culture, and a closer union of its members in the bonds of friendship; for administering  benevolence and charity to its members and others, and towards the carrying out of said object and purpose, may own or lease a clubhouse and grounds or other apartments, own and conduct a library, conduct lectures for the benefit and instruction of its members or the public, accumulate and hold or invest a fund for the care and relief of its members and other .charitable purposes, conduct carnivals, bazars, and other entertainments for  the  instruction, amusement and pleasure of its members or the public, or the advertisement of its home city, or for the benefit of its said benevolent and charity fund, and shall have such other lawful powers incidental and necessary to the carrying out of its purpose and object.''

The bill of complaint charges that the defendant corporation derives its funds for carrying out its  objects and purposes solely through the payment of dues and assessments, as provided in its by-laws, and that said corporation has no capital stock and does not derive any revenue otherwise, and that under its by-laws, there is created a fund for the purpose of administrating benevolence and charity to the members of the club, and others, by setting aside from monthly dues of members of the club, two and one half per cent. of dues paid, and that same is deposited with the treasurer of the club as a benevolent and charity fund. The bill shows that in all about two thousand, eight hundred and eighty dollars annually

is collected as monthly dues from the members, and that all amounts received by the club, other than the two and one half per cent., is used to maintain a library, lecture hall, and meeting place and home for the use of the club, and that to this end, the club has purchased a lot in the city of Meridian and erected thereon a building and furnished same, at a total cost of twenty-four thousand dollars. The bill sets out that twenty-two thousand, five hundred dollars of the purchase money was to be paid in deferred payments, secured by first and second mortgages on the club property, and that all the dues paid by the members, except the two and one half per cent. set aside for benevolent and charity purposes are used solely for the purpose of maintaining the corporation, the furtherance of its objects and purposes, and paying paving assessments, interests and insurance, and in paying its principal or mortgage indebtedness, and that the personal property assessed is used exclusively and directly for the purposes and object set out, and that no revenues are derived, nor dividends declared, from the use of said property.

The bill further sets out that no part of the real or personal property owned by the said corporation is leased to or used by any other persons, and is used only, and occupied, as set out therein; that no part of the funds or property is held or used for private or corporate benefit, but that the whole thereof is used exclusively to carry out the object and purposes of its existence. The complainant alleged that it was making donations from time to time, out of the funds in question, to the Mattie Hersee Hospital, a public and charitable hospital domiciled in the city of Meridian, and to the King's Daughters, an organization for public charity in the city of Meridian, and other public charities, and that in every instance, the contrbutions to charitable purposes have been given to public charities at large in the city of Meridian, and that it has in every instance dispensed charity in general relief of the distressed of the human family as contemplated

by the law with reference to the exemption of certain institutions mentioned in sections 4251 and 4252, Code 1906.

The facts set out above, but not the legal conclusions to be drawn therefrom, are practically admitted in the answer of defendant; but the answer sets out affirmatively:

"That the New Standard Club is a social organization of the city of Meridian, which owns, operates, and maintains a clubhouse, or a place of meeting for the entertainment of the members of said club, their families, and their friends; that its revenues are derived from initiation fees and from monthly dues paid by the members of said club, and that while as a matter of fact it has a small charitable fund, consisting of two and one half per cent. of the monthly dues paid by the members, and while as a matter of fact it makes donations from this charitable fund to divers worthy objects of charity and benevolence; yet the chief end, object, and purpose for which the New Standard Club was organized, and the chief end, purpose, and object for which it acquired the property in controversy, constructed the building and furnished and equipped the same, was to provide a place for the entertainment in a social way of the members of said club, their families, visitors, and friends, and that the charitable contributions of said club are merely incidental to its chief objects and purposes."

—and that sad club is not a religious charitable society, nor is it a benevolent order on the lodge system.

*Jacobson & Brooks,* for appellant.

*Amis & Dunn,* for appellee.

Potter, J., delivered the opinion of the court.

(After stating the facts as above). In this case, the complainant set down the cause for hearing on bill and answer before the expiration of the time allowed by law

for taking testimony; therefore, under section 603, Code 1906, the answer must be taken as true.

The law imposes upon the complainant in this case the duty of showing affirmatively that the property in question is clearly within the terms of the exemption statute, as it is the universal law that one claiming an exemption from taxation assumes the burden of showing that he is entitled to it. *Morris Ice Co.* v. *Adams,* 75 Miss. 410, 22 So. 944.

Statutes of exemption from taxation must be strictly construed, and the language employed must be construed most favorably to the state. *Yazoo, etc., R. Co.* v. *Thomas,* 65 Miss. 563, 5 So. 108; *Greenville Ice & Coal Co.* v. *City of Greenville,* 69 Miss. 86, 10 So. 574; *State* v. *Simmons,* 70 Miss. 485, 12 So. 477.

The main contention of appellant is that it is a charitable society, and that the property in question is used exclusively for the purpose of such society, and not for profit. The answer of the defendants sets out, however, that the New Standard Club is a social organization, and that the main purposes of its existence is to furnish a place of meeting for the entertainment of the members of said club, their families, and their friends, and that the dispensation of charity is merely an incidental feature. In the case of *Odd Fellows* v. *Redus,* 78 Miss. 352, 29 So. 163, in construing section 3744, Code of 1892, paragraph "d" (section 4251, Code 1906, being practically a rescript thereof), this court, through Judge Terral, said:

"The lodge claims that this property is exempt from taxation under paragraph 3744, Code, which exempts all property, real or personal, belonging to any charitable society, used exclusively for the purposes of said society, and not for profit. The exemption cannot be maintained. It does not come within the letter of the act. The property is used for profit, and not for charity, and so cannot be exempt. It is said in argument that the income is used for charity, and that makes it the same in

effect as if the property itself was used for charity. But that is not the letter of the law, nor its spirit.''

The complainant club is a social organization, not a charitable society, though it does some charity. The property in question is used for a clubhouse, and not for any charitable use. Neither the property in question, nor anything growing out of it, is devoted to charitable uses or purposes, nor is there any pretense that this property is exempt upon any other ground named in said subsection ''d'' of section 4251, Code 1906; therefore we conclude that said property is not exempt thereunder.

It is urged, however, that the property of complainant is exempt under section 4252, Code 1906. This contention is untenable. Section 4252 refers to charitable societies or benevolent orders run on the fraternal or benevolent lodge system. The complainant in this case is an incorporated social club, and is not run on the fraternal or benevolent lodge system. The New Standard Club does not come under the provisions of said section, simply because the section does not undertake to exempt social clubs.

The complainant was not entitled to the relief sought, and the decree of the chancellor is therefore affirmed.

*Affirmed.*