CURRIE-FINCH BRICK & LUMBER CO. v. MILLER, AUDITOR OF
PUBLIC ACCOUNTS.

[86 South. 579, No. 21348.]

TAXATION. *Plant for manufacturing brick held not exempt; exemptions are strictly construed; rule of ejusdem generis applies.*
The plant and machinery of a factory for the manufacture of brick
is not exempt from taxation under chapter 183, Laws 1918. The
rule is that persons or corporations seeking an exemption from
taxation must bring themselves strictly within the letter of the
statute. All reasonable doubts are resolved against the exemption, and under the above statute the rule *ejusdem generis* applies. *Greenville Ice & Coal Co.* v. *Greenville*, 69 Miss. 86, 10 So.
574, cited.

APPEAL from circuit court of Hinds county.
HON. W. H. POTTER, Judge.
Petition by the Currie-Finch Brick & Lumber Company
against W. J. Miller, Auditor of Public Accounts, for a
certificate of exemption from taxation. Certificate refused,
and petitioner appeals. Affirmed.

*Fulton Thompson, J. Harvey Thompson* and *R. H.
Thompson,* for appellant.

The statute in question provides, the following property
and no other, shall be exempt from taxation, to-wit:
"All wood distilling plants for the manufacture of wood
alcohol, acetate of lime, acetone and other by-products
from wood waste, all ship yards, factories and plants
working cotton, cement, cement plaster, and lime, rock
and stone. Jute and ramie wool, silk, furs and metals or
for manufacturing machinery or instruments or articles
in a finished state, or for making wagons, automobiles,
carriages, buggies, furniture, clothing or shoes; all packing plants and factories engaged in packing farm products
into food products for human beings and all creameries."
The exemption claimed by the petitioner was not an exemption of its manufactured bricks, but of its factory and

plant where and by which the bricks are manufactured; the exemption is claimed under the words of the statute exempting factories and plants for manufacturing articles in a finished state. It was not denied in the trial court, nor can it be denied here, that a brick is an article in a finished state. A brick is just as much an article in a finished state as a button; each is the subject of barter and sale, each has a market value, although neither is generally sold except in quantities.

The court below, we think departed from the true line of reasoning by conceiving that bricks were not *ejusdem generis* with other articles mentioned in the statute. The terms of the statute upon which our client relies is in these words: "Factories and plants for manufacturing machinery or instruments or articles in a finished state." Plants for manufacturing machinery are no more exempt under the statute than are plants for manufacturing articles in a finished state. Plants for manufacturing articles in a finished state, are specifically exempted from taxation and there is no room for the application of the *ejusdem generis* doctrine; the only question is whether bricks are articles in a finished state. If bricks be articles in a finished state, they are specifically exempted, just as much so as if plants for the manufacture of bricks had been specifically named.

The *ejusdem generis* rule is subordinate and always yields to another more salutary rule of construction; that rule being that every part of a statute should, if possible, be upheld and given its appropriate force. 3 Words & Phrases, p. 2328. Consider the phrase factories and plants for manufacturing machinery or instruments or articles in a finished state, and ask to what the terms instruments or articles in a finished state, can be applied, if limited by the *ejusdem generis* conception. The quoted phrase is complete in itself, and should the conception mentioned be controlling the general terms instruments or articles in a finished state embrace only articles of the same genus as machinery. There are no such articles. Machinery

is a broad and comprehensive term; it is defined in both the Century and Standard Dictionaries as parts of a ma-. chine considered collectively. If this definition be correct, the term machinery embraces every instrument or article in a finished state that is of like kind; and no extension of the statute whatever was made by the words instruments or articles in a finished state, although the words were manifestly used to extend the scope of the statute. The *ejusdem generis* conception must not be permitted to strike out words from a statute or to deny them all meaning, as was done by the court below. There is nothing of the same genus as or anything like, machinery which is not itself machinery.

The *ejusdem generis* rule can be invoked only when specific and general words, capable of analogous meanings, are associated. If the associated words are incapable of analogous meanings the rule has no application and the words used do not take color from each other. 3 Words & Phrases, p. 2328; *United States* v. *Baumgartner*, 259 Fed. 722; *United States* v. *Sischo*, 262 Fed. 1001. Machinery and articles in a finished state are incapable of analogous meanings.

We ask a reversal of the judgment of the circuit court from which the appeal has been prosecuted and for a final judgment of this court granting petitioner the writ for which he has prayed.

*Fred W. Lotterhos*, Assistant Attorney-General, for the state.

In the effort to ascertain the legislative intention with regard to exemption from taxation in an instance where the product of the plant sought to be exempted is a finished article, of the kind mentioned herein; it may be edifying to rehearse the various legislative expressions in this regard. Briefly stated, they are as follows:

"All permanent factories hereafter established in this state, before the first day of January, 1900, for working

cotton, jute, ramie, wool, silk, furs, metals, and all other manufacturing implements or articles of use in a finished state shall be exempt from taxation for a period of ten years." Section 3744, Code 1892.

All permanent factories or plants of the kind hereinafter named which are now in the course of establishment or which shall be hereafter established in this state before the first day of January, 1910, shall be exempt from all state, county and levee taxation for a period of five years, viz. : All factories for working cotton, cement, cement plaster and lime, jute, ramie, wool, silk, furs or metals, or for manufacturing machinery or implements or articles in a finished state, or for making wagons, carriages, buggies, furniture, clothing, or shoes, and all creameries. Section 4251, Code of 1906.

All factories and plants for working cotton, cement, cement plaster, and lime rock and stone, jute, ramie, wool, silk, furs or metals, or for manufacturing machinery or implements or articles in a finished state, or for making wagons, carriages, buggies, furniture, clothing, and shoes and all creameries. Chapter 197, Laws of 1908.

All factories and plants for working cotton, cement, cement plaster and lime, rock and stone, jute, ramie, wool, silk, furs, or metals, or for manufacturing machinery or instruments, or articles in a finished state, or for making wagons, carriages, buggies, furniture, clothing and shoes and all creameries. Chapter 241, Laws 1912.

All factories and plants working cotton, cement, cement plaster and lime, rock and stone, jute and ramie, wool, silk, furs or metals, or for manufacturing machinery or instruments, or articles in a finished state, or for making wagons, automobiles, carriages, buggies, furniture, clothing or shoes, all packing plants and factories engaged in packing farm products into food products for human beings and all creameries. Chapter 100, Laws 1916.

All ship yards, factories and plants working cotton, cement, cement plaster and lime, rock and stone, jute and ramie, wool, silk, furs and metals, or for manufacturing

machinery or instruments or articles in a finished state or for making wagons, automobiles, carriages, buggies, furniture, clothing or `shoes; all packing plants and fac-tories engaged in packing farm products into food prod-ucts for human beings, and all creameries." Chapter 26, Laws 1917.

All wood distillation plants for the manufacture of wood alcohol, acetate of lime, acetone and other products from wood waste, all ship yards, factories and plants, working cotton cement, cement plaster, and lime, rock and stone, jute and ramie, wool, silk, furs and metals, or for manu-facturing machinery or instruments or articles into a fin-ished state, or for making wagons, automobiles, carriages, buggies, furniture, clothing or shoes; all packing plants and factories engaged in packing farm products into food products for human beings, and all creameries. Chapter 183 of the Laws of 1918. The Code of 1892 exempted factories according to materials to be worked, and not otherwise; except that those naming implements and articles of use in a finished state were exempted likewise.

These provisions were modified in 1906 so as to add ma-chinery to the classification embracing implements and articles in the finished state; and so as to add specifically wagons, carriages, buggies, furniture, clothing or shoes and all creameries.

The Acts of 1908, added rock and stone to the materials favored. In 1912 the Act was amended in certain other respects, the word instruments substituted for implements (probably a typographical error). The Act of 1916 en-larges the category of products or articles, the manufac-turing of which is exempt from taxation by adding auto-mobiles, and exempts factories packing farm products. Wood distillation plants for the manufacturing of wood alcohol, acetate of lime, acetone and other by-products from wood waste by the Laws of 1918.

What the legislature intended to exempt? It is plain that it purposed to exempt factories working certain ma-terials without regard to the character of the product

turned out; also those factories making implements; as to whether or not it was intended to embrace all articles in a finished state or only those *ejusdem generis* with implements is the sole question here. It is respectfully suggested that this point is *stare decisis,* see, *Greenville Ice and Coal Company* v. *Greenville,* 69 Miss. 86.

However it may not be amiss to show that the legislature did not intend these statutes to apply to factories making bricks. That it did not, would appear from the following: "The legislative construction of the statute made in the light of the Greenville Ice Company case of which the legislature was aware, was that the finished articles must be *ejusdem generis* with implements, as appears when we note that in the Code of 1906, when it was deemed wise to add machinery, wagons, carriages, buggies, furniture, clothing or shoes, reliance was not placed on the terms articles in the finished state. Although wagons, carriages, buggies, furniture, clothing and shoes are articles in the most completely finished state, but the articles were specifically named and the word "machinery" was not grouped with the other articles thus made exempt but was grouped with "implements" so as to exempt articles in a finished state *ejusdem generis* with machinery as well as with implements. This arrangement makes patent the clear understanding by the legislature of the application of the former statute and of its intention to enlarge with regard to certain specific articles only.

In 1916 automobiles are named by way of enlargement, notwithstanding that they are completely finished products which showed that the legislature of that year understood that not all articles in the finished state were exempt by virtue of the statute. See 25 R. C. L., 1042. The executive and departmental construction is to the same effect. See 25 R. C. L., 1043. For the persuasive effect of this, and for the departmental construction see Reports of the Attorney-General, 1907-1909, pp. 44, 57, 343, 359, 380; 1911-1913, pp. 50, 199, 330.

The legislature will not arbitrarily exempt certain industries from the burden of taxation which must thereby cause increased burdens on others, exempt for the benefit of the commonwealth. It is obvious that the purpose of these statutes was to promote installation of industries not theretofore common in Mississippi. The making of lumber and brick was a common industry and did not require legislative encouragement and stimulation and was, no doubt, not in contemplation of the legislature as an infant industry to be nurtured and if it was not, it should not be presumed that it was intended to be a beneficiary without a reason. For the general rules applicable here, see 12 So. 697, 36 Cyc., 1118-1120, 25 R. C. L., 996 and 1042. An exemption from taxation must appear from the strict construction of the statute only.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, a corporation, was organized under the laws of Mississippi after the passage of chapter 183, Laws of 1918, and filed a petition with the auditor of public accounts for a certificate of exemption under Laws of 1918, chapter 183, on the ground that it was a factory for the manufacture of brick and entitled under the law to an exemption from taxes for a period of five years. The auditor referred the application to the attorney-general, who held that brick factories were not exempt, whereupon the application was denied, and mandamus was filed to compel the auditor to issue such certificate.

The pertinent part of chapter 183, Laws of 1918, reads as follows:

"The following property, and no other, shall be exempt from taxation, to wit:

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"All wood distillation plants for the manufacture of wood alcohol, acetate of lime, acetone and other by-products from wood waste, all shipyards, factories and plants working cotton, cement, cement plaster, and lime, rock

and stone, jute and ramie wool, silks, furs and metals or for manufacturing machinery or instruments or articles in a finished state, or for making wagons, automobiles, carriages, buggies, furniture, clothing or shoes; all packing plants and factories engaged in packing farm products into food products for human beings, and all creameries."

In the case of *Greenville Ice & Coal Co.* v. *City of Greenville,* 69 Miss. 86, 10 So. 574, the court construing a somewhat similar statute held that the rule *ejusdem generis* be applied, and held that ice did not come within the purview of the statute and was not exempt. It was also held that the statute was construed strictly against exemption from taxation or other public burdens, and that the party must come strictly within the statute allowing the exemptionist to obtain an exemption. Since that decision the attorney-general's office, whose duty it is under the law to advise the auditor and other state officers, has constantly applied the rule there announced.

We do not think that a plant for the manufacture of brick comes within the purview of the statute. The court below held the same view, and the judgment is affirmed.

*Affirmed.*