BOARD OF SUP'RS OF BOLIVAR COUNTY *v.* MERCK & ALSTON.*

(Division A. Feb. 25, 1929.)

[120 So. 839. No. 27513.]

*Corpus Juris-Cyc References: Taxation, 37Cyc, p. 891, n. 38; p. 892, n. 43. As to construction of tax exemption law, see 26 R. C. L. 313; 3 R. C. L. Supp. 1466; 4 R. C. L. Supp. 1657; 5 R. C. L. Supp. 1399.

*Roberts & Hallam* and *Walter Sillers, Jr.,* for appellant.

*Shands, Elmore & Causey,* for appellees.

Cook, J. On April 8, 1924, there was enacted chapter 347, Laws of 1924, being section 8176, Hemingway's 1927 Code, which reads, in part, as follows:

"That all permanent hotels, and all permanent additions to existing hotels, which shall hereafter be constructed before the first day of January, 1928, shall be exempt from county and municipal taxation for a period of five years from the time of the completion of the construction thereof, at the discretion of the board of supervisors of the county and the governing authorities of the

municipality where such hotel is to be constructed, such exemption to commence from February first following the date of the completion of such hotel, or addition thereto.''

At the March, 1926, term of the board of supervisors of Bolivar county, Mississippi, the appellees filed a petition for exemption from county taxes, as provided by said chapter 347, Laws of 1924, on a permanent hotel of more than fifty rooms, which they proposed to build on certain particularly described lots in the town of Cleveland, Mississippi. At that meeting the board of supervisors entered an order directing that the clerk of the board give notice, as provided by said chapter 347, Laws of 1924, that this application would be acted on at the April, 1926, meeting of the board, unless twenty per cent of the qualified electors of the county should petition for an election on the proposition. At the April, 1926, meeting of the board an order was entered reciting that an application for exemption from taxes for a period of five years on a hotel building of more than fifty rooms to be erected prior to January 1, 1928, on parts of lots 4, 5, and 6 in block 1 of a survey of the original town of Cleveland, Bolivar county, Mississippi, had been filed by appellees; that notice of such application had been published for ten days in two issues of a newspaper of general circulation in the county, and twenty per cent of the qualified electors of the county had not petitioned for an election on the proposition, and that, therefore, ''the permanent hotel to be erected on the aforesaid lots prior to January 1, 1928, shall be exempt from all county taxes for a period of five years, commencing February 1st following date of the completion of such hotel.''

The proposed hotel was constructed and furnished, and thereafter the tax assessor of Bolivar county made an assessment against it of ten thousand dollars for ''office and store furniture, fixtures, and equipment.'' At

a special meeting of the board of supervisors called for that purpose, the appellees appeared before the board and moved that this personal assessment be stricken from the assessment roll. The board refused to strike the assessment from the roll, and thereupon the appellees excepted to the ruling of the board, and tendered their bill of exceptions, and were granted an appeal to the circuit court. On appeal, the circuit court held that this personal property was exempt from county taxes, and ordered that the assessment be nullified, and from this order the board of supervisors prosecuted this appeal.

"An exemption from taxation will never be presumed, and the burden is on one claiming such an exemption to establish clearly his right thereto," and, "if an exemption from taxation is granted it should not be enlarged by construction, since the presumption is that the state has granted all it intended to grant." *Barnes* v. *Jones*, 139 Miss. 675, 103 So. 773, 43 A. L. R. 673.

The exemption granted by chapter 347, Laws of 1924. is upon "all permanent hotels, and all permanent additions to existing hotels, which shall hereafter be constructed before the first day of January, 1928," etc. We think it is manifest that the words, "permanent hotels and permanent additions to existing hotels," were not intended to, and do not, cover the furniture, fixtures, and equipment that may be necessary to successfully operate a hotel, but that the exemption may be granted only to hotel buildings constructed after the enactment of the statute. It would hardly be contended that, under the head of "permanent additions to existing hotels," all the hotels of the state would be entitled to an exemption on all furniture, fixtures, or equipment purchased and placed in such hotels after the enactment of this statute. There is no more reason why the furnishings should be held to be a part of a "permanent hotel constructed" than there would be in holding that additional furnishings were

"permanent additions constructed" to existing hotels. Under the views herein expressed it becomes unnecessary to consider the question of the validity of the order granting an exemption to appellee upon a particular hotel to be thereafter constructed. The judgment of the court below will be reversed, and the assessment appealed from will be affirmed.

Reversed, and judgment here for the appellant.

*Reversed.*