LEAF HOTEL CORPORATION v. CITY OF HATTIESBURG.

(Division B. Nov. 13, 1933.)

[150 So. 779. No. 30800.]

Sullivan & Sullivan, of Hattiesburg, for appellant.

**R. W. Heidelberg**, of **Stevens & Heidelberg**, of Hattiesburg, for appellee.

Argued orally by **W. C. Sullivan,** for appellant.

**Anderson, J.,** delivered the opinion of the court.

This is an appeal by the Leaf Hotel Corporation from a judgment of the circuit court of Forrest county fixing the value of its property for taxation in the city of Hattiesburg. The hotel corporation being dissatisfied with the assessment as fixed by the mayor and commissioners of the city appealed therefrom to the circuit court; there the cause was tried before judge and jury resulting in a verdict fixing the various items of property owned by appellant, subject to taxation, upon which verdict a judgment was accordingly rendered. The judgment ascertained and fixed the amount of taxes due, based upon the city levy, and was against the hotel corporation and the sureties on its appeal bond. The judgment was also for the statutory damages and costs.

The only question in the case is whether or not appellant's entire hotel building was subject to taxes, or whether the fourth story of the building was exempt therefrom? If the fourth story was exempt, the judgment

should be reversed; if it was not exempt, the judgment should be affirmed.

In 1927 the Hotel Mitchell owned the lot and hotel building here involved. Later appellant acquired title to the property. During the year 1927, the Hotel Mitchell put an additional story to the then existing brick hotel building, making a four-story instead of a three-story building. Acting under the provisions of chapter 347 of the Laws of 1924, which statute provides that "all permanent hotels, and all permanent additions to existing hotels" may be granted a tax exemption, the Hotel Mitchell applied to the city authorities for exemption from municipal taxes. The application was granted as to the added fourth story. The question is whether or not this fourth story constituted a "permanent addition" to the existing hotel within the meaning of the statute. In determining the meaning of the statute the principle of strict construction against the exemption should be applied. The language of the statute must be construed most favorably to the taxing power. The claimant of the exemption has the burden of showing clearly his rights thereto; all reasonable doubts must be resolved against the claimant. Greenville Ice & Coal Co. v. City of Greenville, 69 Miss. 86, 10 So. 574; New Standard Club v. McGowen, 111 Miss. 92, 71 So. 289, Ann. Cas. 1918E, 274; Currie-Finch Brick & Lumber Co. v. Miller, 123 Miss. 850, 86 So. 579; Adams County v. National Box Co., 125 Miss. 598, 88 So. 168; Barnes, Sheriff, v. Jones, 139 Miss. 675, 103 So. 773, 43 A. L. R. 673; Board of Supervisors v. Merck & Alston, 153 Miss. 346, 120 So. 839; Gulfport Building & Loan Association. v. City of Gulfport, 155 Miss. 498, 124 So. 658.

No authority directly in point is referred to by either side. Updike v. Skillman, 27 N. J. Law (3 Dutcher) 131, and Perrine v. Parker, 34 N. J. Law (5 Vroom) 352, cited and relied on by appellee, come nearer to the point than any of the others. In the Updike case the court held that

an addition to a building within the meaning of the mechanics' lien law of New Jersey must be a lateral addition on the ground outside of the building to which it is connected; that adding to the height, extending the depth, or increasing the interior accommodiations of a building were alterations, not additions, within the meaning of the statute. The statute provided that no building should be subject to the provisions of the act for repairs done thereto or alterations made therein. The Perrine case involved the construction of a provision in the charter of the city of Trenton which required the assessment of the real estate of the city every three years, but provided that the assessing authorities in the meantime should add to the assessment the value of any building or addition erected on any lot. The word "addition" in the statute was held to mean only lateral additions which occupy land without the limits of the original building, and that additions to height or depth were mere alterations and not within the meaning of the statute. The Updike case was cited and approved.

In construing the statute manifest, unthought-of results should be avoided if possible, especially if injustice follows. An unwise purpose will not be imputed to the Legislature when a reasonable construction will save the statute from such imputation. Canal Bank & Trust Co. v. Brewer, 147 Miss. 885, 113 So. 552, 114 So. 127; Robertson v. Texas Oil Co., 141 Miss. 356, 106 So. 449; Huber v. Freret, 138 Miss. 238, 103 So. 3.

Manifestly, the land on which the hotel structure stood and the first three stories were not exempt from taxes. If the fourth story was exempt, what would be the relative rights of the holder of a tax title to the lot and the first three stories and the owner of the fourth story? The fourth story could not be sold for the taxes on the lot and the first three stories. If the added fourth story is a permanent addition within the meaning of the statute, would not a cellar underneath the entire building be a

permanent addition? Imagine the complications that would arise between the holder of a tax title to the fourth story and the owner of the cellar.

Affirmed.