MONAGHAN, CHAIRMAN, STATE TAX COMMISSION *v.* JACKSON CASKET COMPANY

No. 42104          January 22, 1962          136 So. 2d 603

*John E. Stone,* Jackson, for appellant.

*Watkins* & *Eager,* Jackson, for appellee.

844

APPELLANT IN REPLY.

KYLE, J.

This case is before us on appeal by the Chairman of the State Tax Commission, defendant in the court below, from a decree of the Chancery Court of Hinds County rendered in favor of the Jackson Casket Company, a corporation, complainant in the court below, for the recovery of the sum of $1,492.80, being the amount of additional sales taxes and damages assessed against the complainant and paid under protest, for the period beginning January 1, 1957, and ending January 31, 1960.

The record shows that the appellee is engaged in the business of selling coffins, caskets and other materials used in the preparation of human bodies for burial, and also furnishings, supplies and equipment customarily made use of by undertakers or persons engaged in the operation of funeral homes in connection with the burial of human bodies. The appellee, according to the testimony of its general manager, sold caskets and funeral supplies to approximately two hundred funeral homes in the State of Mississippi. The assessment made against the appellee covered sales of various types of articles, supplies and equipment sold by the appellee to undertakers and persons engaged in the operation of funeral homes during the period of time mentioned above. A classified list of such sales, showing the total amount of

sales of each class of merchandise sold was attached as Exhibit ''B'' to the appellee's bill of complaint and appears as a part of the record on this appeal.

The total amount of sales included in the assessment was $44,418.86. The total amount of the tax was $1,357.12. The ten per cent penalty amounted to $135.68, making a total of $1,492.80. No coffins or caskets were included in the assessment. The major items of sales which were included in the assessment were as follows:

| | |
|---|---|
| Lowering devices and parts | $4,030.46 |
| Lowering device straps | 1,093.25 |
| Folding chairs | 6,499.40 |
| Grave markers | 4,988.56 |
| Register books | 2,384.95 |
| Register stands and parts | 1,041.75 |
| Funeral record books | 274.67 |
| Flower racks | 1,647.05 |
| Cemetery grass | 2,226.50 |
| Grass dye | 320.39 |
| Tents | 7,195.40 |
| Electric casket hoist | 318.47 |
| Funeral car flags | 382.25 |
| Casket trucks | 1,270.65 |
| Background drapes | 615.75 |
| Acknowledgment cards | 2,956.28 |
| Signs | 754.65 |
| Lamps and reflectors | 2,535.92 |
| Light Bulbs | 701.72 |
| Casket Display racks | 712.20 |
| Cypress paneling | 195.33 |

The items listed above represented approximately ninety per cent of the total amount of sales included in the assessment.

The complainant, Jackson Casket Company, alleged in its bill of complaint for recovery of the tax and penalty that all of the articles and materials listed in the assessment made by the Commissioner were articles

and materials used in the preparation of human bodies for burial, and that the sales of said articles and materials were exempt from the tax imposed by the Mississippi Sales Tax Law (Chapter 119, Laws of 1934, and amendments thereto), by virtue of Section 10116 (f)(4) of the Mississippi Code of 1942, Rec.; that the complainant was not liable for the tax; and that the tax was improperly charged and collected from the complainant. The defendant in his answer admitted that several small items listed in the assessment should not have been included, and that the amount of the tax should be reduced $7.29, and the amount of the penalty should be reduced 73 cents, making a total reduction of $8.02, for which amount the defendant admitted that the complainant was entitled to a refund. The items which the defendant admitted were improperly included in the assessment were specified as follows: Stretchers, $93.05; casket emblems, $24.50; disinfectants, $11.-40; burial pouches, $19.75; table for embalming room, $47.95; and casket covering material, $39.82 — said items representing total sales in the amount of $236.47. The defendant denied that the sales of the articles and materials listed in the assessment, other than those last above mentioned, were sales of articles and materials "used in the preparation of human bodies for burial," or sales which were exempted from the provisions of the Sales Tax Law by Code Section 10116 (f)(4).

The provisions of Code Section 10116(f)(4), supra, relevant to the exemption claimed by the complainant in this case are as follows:

"The exemptions from the provisions of this act shall be confined to those persons or property exempted by this act or by the provisions of the Constitutions of the United States or the State of Mississippi. No exemption as now provided by any other statute shall be valid as against the tax herein levied. Any subsequent exemption from the tax levied here-

under shall be provided by amendment to this act and the section or sections amended shall be inserted in the bill at length.

"The tax levied by this act shall not apply to the following:

"* * *

"(f) * * *

"(4) Sales of coffins, caskets, and other materials used in the preparation of human bodies for burial."

Only two witnesses testified during the hearing before the chancellor.

Earl Walker, secretary and treasurer and general manager of the complainant, Jackson Casket Company, testified concerning the uses made of the various articles, materials, supplies and equipment sold to undertakers for use in the operation of an undertaking business, and the type of services rendered by the undertakers in connection with the preparation of the human body for burial, the handling of the funeral service and the burial itself, and the types of equipment needed for the proper rendition of the services required.

The defendant's witness, John Hamilton, field auditor for the Commissioner, testified that, in making the audits upon which the assessment was based, he classified as exempt coffins, caskets, and other materials used in the preparation of the human body for burial; that coffins and caskets were expressly mentioned in the exemption statute, and that, in making the audit, he treated as exempt "all other items that find their way to the grave beneath the ground", and also "every item that was used — immediately consumed, or was used over a period of time, that was utilized in the embalming room, that is, where the body was prepared for burial."

The chancellor found that the language "preparation of human bodies for burial" referred to "all of the acts usually and customarily performed by funeral homes from death to final interment; that the items assessed

by the defendant all constituted materials used in the preparation of human bodies for burial; and that it was not the intention of the Legislature * * * to impose a sales tax upon funerals." And the chancellor entered a decree in favor of the Jackson Casket Company, complainant, for the full amount of the tax and penalties.

Two points are assigned and argued by the appellant's attorney as grounds for reversal of the decree of the lower court: (1) That the sales listed in the additional assessment were not "sales of coffins, caskets and other materials used in the preparation of human bodies for burial", and that such sales were not included in the exemption provided by Code Section 10116 (f)(4), supra; and (2) that exemption statutes are strictly construed against the exemptionist and the chancellor erred in extending the exemption to sales of articles and materials not covered by the language of the statute itself.

It is argued on behalf of the appellee that all of the properties sold by the appellee were material, supplies, equipment and articles usually and customarily made use of by an undertaker in the operation of his business under a license required by Section 9696-192, Mississippi Code of 1942, Recompiled; that the word "undertaker" is defined in said Code Section 9696-192 as "a person who renders any service for hire in connection with the burial or preparation for burial of human bodies;" and that the exemption statute referred to above, if properly construed, "means that there is exempted from the sales tax the proceeds of sales of coffins, caskets, and other properties and equipment ordinarily and customarily employed in or made use of in making ready for, arranging for, and providing a burial, including the accompanying rites." The appellee's attorneys say that "the exemption is clear and unambiguous and the exemption necessarily covers all equipment or articles appropriate for * * * and custo-

marily used in the performance of the usual and customary services of an undertaker or mortician.''

We think the language of the exemption statute is not susceptible of the interpretation contended for by the appellee; and the chancellor, in our opinion, was manifestly wrong in holding that the language ''preparation of human bodies for burial'' refers to all of the acts usually and customarily performed by funeral homes from death to final interment, and that the items assessed by the Commissioner all constituted materials used in the preparation of human bodies for burial.

A casual examination of the schedule of articles and materials listed in the exhibit attached to the appellee's bill of complaint clearly shows that the sales claimed as exempt from the sales tax under the above mentioned sub-section (f)(4) are sales of materials, supplies and equipment used in and about the business of undertakers or the operators of funeral homes, but only a few of the items can be reasonably classified as *"materials used in the preparation of human bodies for burial."*

When the statute purports to grant an exemption from taxation, the universal rule of construction is that the tax exemption provision is to be construed strictly against the one who asserts the claim of exemption, in the absence of expressed legislative intent that the exemption is to be construed otherwise. 51 Am. Jur., p. 526, Taxation, Sec. 524.

In Morris Ice Co. v. Adams, 75 Miss. 410, 22 So. 944, the Court said: ''The rule is universal that he who claims exemption (from taxation) must show, affirmatively, an exemption expressly declared and that the claimant is clearly embraced within the terms of the exemption.'' In New Standard Club v. McGowen, 111 Miss. 92, 71 So. 289, the Court held that one claiming exemption from taxation assumes the burden of showing that he is entitled to it; and that statutes of exemption from taxation must be strictly construed. In Currie-Finch

Brick and Lumber Company v. Miller, 123 Miss. 850, 86 So. 579, the Court again held that persons or corporations seeking an exemption from taxation must bring themselves within the letter of the statute. All reasonable doubts are resolved against the exemption.

In Leaf Hotel Corporation v. City of Hattiesburg, 168 Miss. 304, 150 So. 779, the Court said: "In determining the meaning of the statute the principle of strict construction against the exemption should be applied. The language of the statute must be construed most favorably to the taxing power. The claimant of the exemption has the burden of showing clearly his rights thereto; all reasonable doubts must be resolved against the claimant", citing numerous cases. See also the more recent case of Clement v. Stone, et al., 195 Miss. 774, 15 So. 2d 517, and cases cited.

The exemption contended for by the appellee on this appeal is a general exemption of sales to undertakers covering a wide variety of articles and equipment used by undertakers in the operation of a business licensed under Code Section 9696-192. The appellee's attorneys say that if each word of the exemption statute is given its usual and ordinary meaning, the exemption necessarily covers all such articles and equipment. But we think that contention is refuted by the language of the statute itself. Undertakers are not mentioned in the exemption statute. If the Legislature had intended to exempt from the sales tax sales of mechanical equipment, funeral home furniture and furnishings, lamps and reflectors, grave markers, tents and other equipment used by undertakers in the operation of their business, the Legislature, in our opinion, would not have restricted the exemption to "sales of coffins, caskets, *and other materials used in the preparation of human bodies for burial.*"

It is argued, however, that the sales tax law has been in effect since 1932, and that the administra-

tive officers in charge of the enforcement of the law, knowing of the existence of companies selling such supplies and equipment to undertakers, have treated such sales as nontaxable and have made no effort to collect sales taxes on such sales; and that the failure of such officers to collect said tax should be treated as an administrative interpretation of the statute, which should be accepted as binding on the appellant. But we think there is no merit in that contention.

■■ The mere failure of public officers charged with a public duty to enforce statutory and constitutional provisions in respect to the levy and collection of taxes should not be permitted to stand in the way of the correct administration of the law. In Vicksburg, Shreveport & Pacific R. R. Co. v. Dennis, 116 U.S. 665, 29 L. Ed. 770, 6 S. Ct. 625, the Court held that the omission of the taxing officers of the state to assess certain property could not control the duty imposed by law upon their successors, or the power of the legislature to tax the property, or the legal construction of a statute under which its exemption from taxation was claimed. See also Commonwealth v. Kentucky Distilleries and Warehouse Company (1911), 143 Ky. 314, 136 S.W. 1032; Ada County v. Boise Commercial Club (1911), 20 Idaho, 421, 118 P. 1086.

Mere inaction on the part of the taxing officers of the state in previous years to assess the sales tax justly due on sales of a similar nature to the sales in question on this appeal cannot control the duty imposed by law upon their successors, or the legal construction of the statute under which the exemption is claimed.

■■ We think that the assessment made by the Commissioner in this case was a valid assessment, except as to the sales of the small items which the Commissioner admitted in his answer were improperly included in the assessment, and except as to two other small items listed in the complainant's exhibit as sales of

"casket covers, $33.25," and "floor mats (used in the embalming room), $161.52," which the appellant's attorney admitted during the trial should have been excluded. The total amount of the taxes on all of the above mentioned items erroneously included in the assessment was $13.53; the total amount of the penalties, $1.35. The appellee was entitled to recover those two amounts, aggregating the sum of $14.88. The appellee was not entitled to recover the balance of the taxes and penalties sought to be recovered.

For the reasons stated above, the decree of the lower court will be reversed and judgment will be entered here in favor of the appellee for the above stated amount of $14.88; and the appellee's claim for recovery of the remaining taxes and penalties paid will be dismissed with prejudice. The cost of this appeal will be taxed against the appellee.

Reversed and judgment entered here in favor of the appellee for the sum of $14.88.

*Lee, P.J.,* and *Arrington, McElroy* and *Rodgers, JJ.,* concur.