ETHRIDGE, Chief Justice:
The question in this case is whether sales of petroleum products by Fuel Services, Inc., complainant-appellant, to boats engaged in interstate seismographic exploration are exempt from the Mississippi sales tax. Miss.Code 1942 Ann. § 10108 (Supp.1968). Code section 10116 provides that the tax levied by the act shall not apply to
(S) Sales of petroleum products to vessels or barges for consumption in marine international commerce or interstate transportation businesses. (emphasis added)
The State Tax Commission held that these seismographic exploratory vessels were not engaged in “interstate transportation businesses,” and that Fuel Services’ sales to them were therefore subject to the Mississippi sales tax. Denying relief in this suit for a refund of the taxes paid, the Chancery Court of Jackson County held to the same effect, and we affirm that decree,
All of the sales involved are of petroleum products by Fuel Services to geophysical boats which are engaged in seismographic exploration in waters of the United States government and of the States of Louisiana, Alabama, Florida and Texas. A geophysical boat is equipped with seismographic instruments used to take reflections from the bottom of a body of water. Such boats are specially constructed solely for the purpose of doing geophysical work, and are either owned or chartered by geophysical companies or oil companies. These boats carry both a crew for the operation of the boat and also a crew of technicians who do the seismographic work. Except in cases of emergencies, the boats are under the control and direction of the geophysical company. For purpose of holding both the boat and the geophysical company liable under marine law for payment of the fuel price, most of the invoices prepared by Fuel Services show the sale made to the boat but charged to the account of the geophysical company; in a few instances invoices show both the sale made to and charged to the geophysical company. In all cases, however, payment is made to Fuel Services by the geophysical company. All sales of petroleum products to geophysical boats involved in this case were made and completed within the boundaries of the State of Mississippi. While in port, each vessel loaded fuel and supplies and then traveled to its site of operations after taking on a geophysical crew. No exploration was conducted within the territorial waters of the State of Mississippi, and, after the sales, the vessels traveled to and operated outside of this State.
Sales which are consummated wholly within the limits of a state do not constitute interstate commerce. A sales tax imposed generally upon purchases made locally for purposes Of consumption is permissible, although the goods have just traveled in interstate commerce. McGoldrick v. Berwind-White Coal Mining Co., 309 U.S. 33, 60 S.Ct. 388, 84 L.Ed. 565 (1940). And a tax may be levied upon an intrastate transaction though the article sold or delivered is to be forthwith shipped out of the state. Illustrative cases are those upholding a tax on the sale of fuel to airplanes in interstate commerce. The state may levy an indirect excise tax upon the use to which gasoline is put in withdrawing it from storage within the state, and placing it in the tanks of planes, “notwithstanding that its ultimate function is to generate motive power for carrying on interstate commerce * * Edelman v. Boeing Air Transport, 289 U.S. 249, 53 S.Ct. 591, 77 L.Ed. 1155 (1933); Eastern Air Transport, Inc. v. South Carolina Tax Commission, 285 U.S. 147, 52 S.Ct. 340, 76 L.Ed 673 (1932). A tax imposed on *602 sales of fuel, as in the instant case, is not an unconstitutional burden under the commerce clause, because a nondiscriminatory tax upon local sales has never been regarded as imposing a direct burden on interstate commerce. Eastern Air Transport, Inc. v. South Carolina Tax Commission, supra; Shell Oil Co. v. State Board of Equalization, 64 Cal.2d 713, 51 Cal.Rptr. 524, 414 P.2d 820 (1966); 15 Am.Jur.2d Commerce § 33 (1964); Annot., 98 L.Ed. 982, 984 (1954) (state gasoline tax on air carriers). Shell Oil Company v. State Board of Equalization, supra, held that imposition of nondiscriminatory state sales and use tax on sales of bunker fuel oil to vessels engaged in interstate commerce did not violate the commerce clause. See generally, 51 Am.Jur., Taxation § 1264 (1944) (state excise tax where gasoline is to be used to generate motive power for interstate transportation).
Hence the Mississippi sales tax was properly and constitutionally levied upon the sale in this state of petroleum products to geophysical boats, unless the sales fall within the exemption of sales “to vessels * * * for consumption in * * interstate transportation businesses.” An asserted tax exemption is to be construed strictly against the one who asserts a claim of exemption. The language of the statute must be construed most favorably to the taxing power, and the claimant has the burden of showing clearly his right to an exemption. Monaghan v. Jackson Casket Co., 242 Miss. 840, 136 So.2d 603 (1962); Leaf Hotel Corporation v. City of Hattiesburg, 168 Miss. 304, 150 So. 779 (1933).
The legislature made a distinction between interstate transportation and “interstate transportation businesses.” Any mode of conveyance is transportation, and if it crosses a state line it is engaged in interstate transportation. The exemption, however, applies to interstate transportation businesses. The boats are vehicles to do seismic exploration. They are specially constructed for the purpose of doing geophysical work and can be used for no other purpose without being overhauled. They are engaged in the business of geophysical and seismographic exploration, not transportation business. In Smith v. United States, 110 F.Supp. 892 (D.C.Fla. 1953), it was held that the operation of a fishing boat, which carried fishing parties at a specified rate, was not “transportation” within the meaning of a section of the internal revenue code imposing a tax for “transportation” of persons by rail, motor vehicle, water or air within the United States.
These geophysical boats also were not engaged in “interstate transportation businesses.” Their purpose was not commercial transportation, but seismographic exploration; therefore, the purchases of petroleum fuels from Fuel Services were not exempt from the Mississippi sales tax.
Affirmed.
BRADY, INZER, ROBERTSON and HARPER, JJ., concur.