BROOM, Justice, for the Court:
Tax exemption status as a “fraternal and benevolent” organization under Miss.Code Ann. § 27-31 — 1(d) (1972), is asserted here by Local Union No. 845, United Rubber, Cork, Linoleum and Plastic Workers of America, Home Association, Inc.[1] (Local 845 herein). The Lee County Board of Supervisors disallowed the ad valorem tax exemption claimed by Local 845, and the Circuit Court of Lee County affirmed. Local 845 appeals here, and we affirm.
Dispositive is the following question: Is the labor union Local 845 a “benevolent” organization upon the facts presented so as to exempt its building (meeting place) from ad valorem taxes pursuant to Miss.Code Ann. § 27-31 — 1(d) (1972), which, among other things, provides:
The following shall be exempt from taxation:
. All property, real or personal, owned and occupied by a fraternal and benevolent organization, when used by such organization, and from which no rentals or other profits accrue to the organization, but any part rented or from which revenue is received shall be taxed. (Emphasis added.)
In deciding whether Local 845 comes within the statute, we must consider the facts revealed by the record. William Bell, President of Local 845, in effect testified that its purpose was to negotiate and obtain for the union members high wages, fringe benefits, and better working conditions, as well as to advance their welfare. The Treasurer of the Home Association of Local 845, Mr. John Kendall, testified in substance that the purpose of the Home Association is to benefit the members of the union. In addition to the aforementioned activities, Local 845 performs other salutary functions when it elects to do so, such as assisting with alcoholism and health problems of people in the community, and makes financial contributions directly or indirectly for these purposes.
The record shows that the Attorney General and the State Tax Commission have at times considered labor unions as falling within the category of “fraternal and benevolent” organizations. However, we are not bound by their rulings or by the fact that Local 845 is allowed certain federal tax exemptions in accordance with federal statutes and regulations. We must judicially ascertain the intent of the Mississippi Legislature in passage of § 27-31 — 1, and, as is often the case, such ascertainment is somewhat difficult. It is interesting to note that the legislature in enacting § 27— 31-1 saw fit not to refer to labor unions specifically, although other entities were specifically designated, such as religious, ecclesiastical and historical bodies, et cetera.[2]
The Supreme Court of Florida in Johnson v. Sparkman, 159 Fla. 276, 31 So.2d 863 (1947), addressed a similar issue. In Johnson, a labor union seeking tax exemption (for “educational” or “charitable” purposes) on its lodge hall and business office was turned down, and the denial was affirmed on appeal. Commenting on the fact that the union made some contributions to charity, the Florida Court pointed out that, such *499 incidental contributions were not disposi-tive. In a similar manner, Local 845 participates to some extent in laudable charitable causes, but primarily the union seeks higher wages with better fringe benefits and working conditions. We held in Myers v. Mississippi-Alabama State Fair, 257 So.2d 233 (Miss.1972), that though a corporation which sponsored an annual fair made contributions to the community, making of the contributions did not automatically make it a “community fair” under tax exemption statutes.
 Under our general rule, statutes exempting property from taxation are to be strictly construed in favor of the taxing authority and against the exemption. Accordingly, one seeking the benefit of the exemption must clearly show or demonstrate that he is within the letter of the exemption, all reasonable doubts generally being resolved against the exemption. City of Jackson v. Sly, 343 So.2d 473 (Miss.1977), Myers v. Mississippi-Alabama State Fair, supra, and Fuel Services, Inc. v. Rhoden, 245 So.2d 600 (Miss.1971), are some of our more recent cases so holding. We said in Rhoden :
An asserted tax exemption is to be construed strictly against the one who asserts a claim of exemption. The language of the statute must be construed most favorably to the taxing power, arid the claimant has the burden of showing clearly his right to an exemption. (245 So.2d at 602).
We conclude, upon the testimony presented, that Local 845 has failed to clearly establish that it is a “benevolent” organization, and that the statutory exemption was properly disallowed. There has not been made any challenge to the method or procedure followed by the parties, and this opinion does not deal with any question pertaining to the method or procedure which should be employed by those who seek tax exemptions at the administrative or appellate level.[3] We reach this decision solely on the narrow issue as to whether, under the statute, Local 845 is entitled to an exemption. Furthermore, it is to be noted that we are not dealing with any question whatever as to whether the taxing authorities have or have not fairly and evenhandedly dealt with the application or construction of § 27-31-l(d) or any other statutory ground for tax exemption. No assertion was made in the record that the taxing authorities have unequally or unfairly granted tax exemptions in other instances. Our holding is merely that upon the testimony and record as made, the lower court did not err in upholding the supervisors’ disallowance of the tax exemption as sought.
AFFIRMED.
THIS CASE WAS CONSIDERED BY A CONFERENCE OF THE JUDGES EN BANC.
SMITH, and ROBERTSON, P. JJ., and LEE and COFER, JJ., concur.
PATTERSON, C. J., and SUGG, WALKER, and BOWLING, JJ., dissent.

. Home Association, Inc. is a nonprofit corporation formed to hold title to the building of Local 845; the association and Local 845 have the same members and officers. The “fraternal” characteristic of Local 845 is conceded here.

. For an example, where the legislature,clearly evinced its intent to include “labor” organizations, see Miss.Code Ann. § 13-3-31(2) (Supp. 1972), in which the lawmakers caused the statute to read “labor or fraternal organization.”

. North American Old Roman Catholic Diocese v. Havens, Sheriff and Tax Collector, 164 Miss. 119, 144 So. 473 (1932), is a case where “methods” and “procedures” of presenting a claim for tax exemption were at issue in contradistinction to our present situation.