624 So.2d 91 (1993)
MISSISSIPPI STATE TAX COMMISSION
v.
Joe JENKINS, d/b/a White Castle Package Store.
No. 91-CC-0216.
Supreme Court of Mississippi.
September 16, 1993.
Leslie R. Brown, Bobby R. Long, Jackson, for appellant.
J. Brad Pigott, Maxey Pigott Wann & Begley, Jackson, for appellee.
Before DAN M. LEE P.J., and McRAE and SMITH, JJ.
SMITH, Justice, for the Court:
The Mississippi State Tax Commission revoked the alcoholic beverage sales permit of the Joe Jenkins, d/b/a White Castle Package Store, herein appellee, after finding Jenkins had violated provisions requiring employees to obtain ABC identification cards and prohibiting the purchase of alcohol from unauthorized sources. Upon Jenkins' appeal to the Hinds County Chancery Court, that court found that the order of the Commission revoking the Jenkins' permit was beyond the Commission's power and authority, and so reversed the Commission. After reviewing the appropriate authorities, we find that the Commission was in fact authorized to revoke Jenkins' permit, and so we must reverse and render, reinstating the revocation order.

FACTS
Prior to June 1989, Alcoholic Beverage Control (ABC) Warehouse Superintendent Norman McCarty received information that a driver for M & J Truck Lines was stealing liquor from the ABC warehouse. McCarty, together with Jimmy Sullivan, ABC Chief of Law Enforcement, implemented a plan to place one extra case of half-pints of Seagrams 7 Crown Whiskey, with the ABC label removed, onto the assembly lines. The plan was to see if the extra case of liquor would be returned by the truck driver. McCarty testified he had no information that Jenkins' store had been illegally obtaining liquor from a delivery truck.
Willie Earl Evans testified he had been hired by Jenkins and was an employee of White Castle liquor store for seven (7) months prior to the ABC investigation. Evans *92 admitted Jenkins had told him to fill out the required paperwork and obtain an ABC identification card, but stated he had not done so. Evans testified that on the morning of June 29, 1989, the usual delivery driver came into the store and said he had a box of whiskey with him. Evans thought the driver's actions were odd, and testified he "felt like something was going on," because this had never happened before. The driver dropped the case of liquor in the storage room and told Evans it was for sale. Evans testified that before the driver "could say anything, I told him I'd give him $65.00 for it." The driver took the cash and left. Evans stated Jenkins was not at the store when the incident occurred.
Evans further testified that on three (3) occasions he had purchased wine from Briarwood Package Store. Evans stated Jenkins, his employer, told him where to go pick up the wine, and that he acted on Jenkins' directions in making the purchases. Evans testified Jenkins never accompanied him on the trips, that no receipts were kept, and that he paid cash for the wine. Evans admitted ABC agents arrived at the White Castle store on June 29 and found an empty box with a Briarwood store label in a back room.
Joe Jenkins, holder of the ABC alcoholic beverage sales permit, testified he had no knowledge of, and did not authorize, the purchase of any liquor from any truck driver. He further testified that he learned on June 29 that Evans had never obtained an ABC card, and again instructed Evans to do this. Jenkins testified that the box with the Briarwood label was in his store due to his own purchase of wine for personal use.
After a hearing, the Tax commission revoked Jenkins' permit on the following grounds: (1) purchase of alcohol from a source other than the Commission, and (2) failure of an employee to obtain an ABC identification card. Jenkins appealed to the Hinds County Chancery Court arguing that the Commission was acting beyond its statutory authority in revoking the permit. Jenkins argued that the grounds for revocation of an alcohol sales permit are contained in Miss. Code Ann. Section 67-1-71, none of which were cited in the Commission's order, and further, that the revocation was based entirely on alleged violations by Jenkins' employee, Evans.
The lower court entered an order reversing the Commission after finding that the Commission had based its case entirely upon its "conviction" of the employee, Evans. The Circuit Court found that Jenkins had been convicted of no crimes, and that the revocation was beyond the authority of the Commission to render.
Upon appeal to this Court, the Commission asserts the following assignments of error:
I. THE COMMISSION DID NOT EXCEED ITS AUTHORITY WHEN IT REVOKED JENKINS' PERMIT:
II. THE CHANCELLOR EXCEEDED HER AUTHORITY AND/OR HER DISCRETION IN REVERSING THE ADMINISTRATIVE DECISION OF THE COMMISSION.

LAW
This Court will entertain an appeal from an administrative agency only to determine whether or not the order of the agency was (1) supported by substantial evidence, (2) arbitrary or capricious, (3) beyond the power of the administrative agency to make, or (4) violated some constitutional or statutory right of the complaining party. Mainstream Savings & Loan Ass'n v. Washington Federal Savings & Loan Ass'n, 325 So.2d 902, 903 (Miss. 1976), citing Mississippi State Tax Commission v. Mississippi-Alabama State Fair, 222 So.2d 664 (Miss. 1969).

I. THE COMMISSION DID NOT EXCEED ITS AUTHORITY WHEN IT REVOKED JENKINS' PERMIT.
The Order of the Commission revoking Jenkins' permit included findings based on the testimony of Willie Evans that "alcoholic beverages were ... purchased or received from a source other than the Commission on more than one occasion," in violation of Section 67-1-43 and ABC Regulation No. 48; and that Evans, an employee, "did not have an ABC Identification Card," in violation of Section 67-1-57(i) and ABC Regulation No. 39.
*93 Jenkins contends that Section 67-1-71(d) defines the statutory limit of the Commission's power to revoke based on an employee's conduct. This section requires proof of "two or more convictions of one or more of the ... employees of the permittee, of any violation of this (ABC) chapter ... within a period of two years." Jenkins argues Section 67-1-71 is the only authority under which the Commission proceeded, and that the revocation of his permit was beyond the power of the Commission since the Commission offered no evidence of any criminal conviction of his employee, Evans.
The Commission asserts its authority to revoke a permit is not limited to Section 67-1-71, but also exists pursuant to Section 67-1-37(b). That section states:
The State Tax Commission ... shall have the following powers, functions and duties:
(b) To revoke, suspend or cancel, for violation of or noncompliance with the provisions of this chapter... or any lawful rules and regulations of the commission issued hereunder, or for other sufficient cause, any permit issued by it under the provisions of this chapter... .
The Commission found that Jenkins' employee, Evans, did not have an ABC Identification card. Section 67-1-57(l) authorizes the Commission to require that "any [permit] applicant and employees of such applicant be photographed and fingerprinted for identification." In keeping with that statute, the Commission promulgated Regulation 39, which states:
Within five days of employment all permittees must file with the Alcoholic Beverage Control division . .. fingerprints of each prospective employee to be engaged in selling ... or handling alcoholic beverages in any manner.
It shall be the responsibility of every permittee to correctly maintain his employee records with the Alcoholic Beverage Control Division and to insure that each employee has in his/her possession the above-described card within eight days of employment....
The evidence showed Willie Evans had been working for White Castle Package Store for approximately seven (7) months when the ABC investigation took place. Although not its purpose, the investigation revealed that Evans had no identification card. Jenkins testified he had instructed Evans to fill out the necessary paperwork and have fingerprints taken, but Evans admitted he "kept putting it off." Despite the intentions of both Jenkins and Evans, however, it is clear that Regulation 39 was violated and that this violation was properly attributed to Jenkins as the permit holder. We find that this violation alone authorized the Commission to revoke Jenkins' permit under Section 67-1-37(b).
The Commission further found a violation of Miss. Code Ann. Section 67-1-43 and ABC Regulation 48 when Evans, under the direction and with the "knowledge and permission" of Jenkins, bought alcohol from a source other than the Commission on at least three (3) occasions. Section 67-1-43 provides:
Any authorized retail distributor who shall purchase or receive intoxicating liquor from any source except from the commission, unless authorized by rules and regulations of the commission ... shall be guilty of a misdemeanor... . Any authorization of such person to sell intoxicating beverages may be revoked as provided by law.
ABC Regulation 48 is similarly worded and additionally contains an exception whereby a permittee may purchase alcohol from another package retailer located in the same county, who holds the applicable federal wholesale permit. It is not necessary to here consider this exception as Jenkins did not assert it as a defense before the Commission, nor could he have been successful had he done so. Testimony before the lower court indicated the Regulation 48 exception is effectively rendered meaningless by the fact that there are no package retailers in the State of Mississippi who hold the applicable federal wholesale permit. Therefore, a second violation was clearly established.
The Commission found by substantial evidence that Section 67-1-57(1) and Section 67-1-43, and corresponding ABC Regulations No. 39 and No. 48 were violated. According *94 to the provisions of Section 67-1-37(b), the Commission was authorized to revoke the alcoholic beverage sales permit of Jenkins for either or both of these violations. The Commission did not exceed its authority in so doing.

II. THE CHANCELLOR EXCEEDED HER AUTHORITY AND/OR HER DISCRETION IN REVERSING THE ADMINISTRATIVE DECISION OF THE COMMISSION.
The chancellor's opinion makes it clear that her decision was based entirely on a review of the authority granted the Commission by Section 67-1-71(d). That section provides:
The Commission may revoke or suspend any permit issued by it for a violation of by the permittee of any of the provisions of this chapter or of the regulations promulgated under it by the commission.
Permits must be revoked or suspended for the following causes:
... (d) Two (2) or more convictions or one or more of the clerks, agents or employees of the permittee, of any violation of this chapter upon the premises covered by such permit within a period of two (2) years... .
The learned chancellor proceeded under the assumption, erroneously provided by counsel for the Commission during oral arguments, that Section 67-1-71(d) was the sole basis for the Commission's revocation of Jenkins' permit. Yet, the brief of the Commission to the chancellor clearly argued Section 67-1-37(b) was also applicable and appropriate to this case. Nonetheless, this latter argument was not considered and the chancellor determined only that the record failed to establish any convictions against Jenkins. She further rejected the argument that Jenkins' employee had been "administratively convicted" of two (2) violations through the Commission's revocation order. Finally, the chancellor determined that "conviction" as provided by Section 67-1-71(d) required the return of a jury verdict or a guilty plea.
The Commission submits to this Court that Section 67-1-71(d) does not require a criminal conviction, and that two or more convictions against Jenkins' employee were proven, also authorizing the permit revocation under that section. Because we find that the permit revocation was authorized under Section 67-1-37(b), we do not here decide whether Section 67-1-71(d) contemplates a criminal conviction.

CONCLUSION
The decision of the Commission to revoke the alcoholic beverage sales permit of Jenkins was clearly within its power as stated in Section 67-1-37(b). There was substantial evidence of the purchase of alcohol from a source other than the Commission, and of the failure of Jenkins to insure that his employee obtained the required ABC identification card. Accordingly, we must reverse and render. The order of the Commission revoking the alcoholic beverage sales permit of Jenkins is reinstated, effective immediately.
REVERSED AND RENDERED AND THE ORDER OF THE TAX COMMISSION REINSTATED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, McRAE and JAMES L. ROBERTS, Jr. JJ., concur.
BANKS, J., not participating.