624 So.2d 987 (1993)
MISSISSIPPI STATE TAX COMMISSION
v.
MEDICAL DEVICES, INC., a Tennessee Corporation.
No. 92-CC-0885.
Supreme Court of Mississippi.
September 23, 1993.
Leslie R. Brown, Bobby R. Long, Brenda G. Cameron, Jackson, for appellant.
Leonard D. Van Slyke, Jr., Denise F. Schreiber, Alston Rutherford Tardy & Van Slyke, Jackson, for appellee.
Before DAN M. LEE, P.J., and McRAE and SMITH, JJ.
DAN M. LEE, Presiding Justice, for the Court:

I.
The crux of this appeal from court ordered sales tax exemption is the question of whether or not enteral feeding systems are included within the definition of "medicines" specifically exempted by Miss. Code Ann. § 27-65-111(h) (1972).
The Mississippi State Tax Commission (Commission) assessed Medical Devices, Inc. (Medical Devices), a Tennessee corporation, $287,101,55 in delinquent sales tax for the period January 1, 1985, through May 31, 1989. Following unsuccessful administrative review of its tax exemption claim, Medical Devices paid $28,278.29 as a partial payment of the 1985 taxes and filed a Miss. Code Ann. § 27-65-47 (1972) action for refund and abatement of the assessment remaining. Medical Devices proved it sold enteral feeding systems, consisting of pumps, bags, tubes and Ensure, a food supplement, as one unit directly to Mississippi nursing home patients and was paid by Medicare once the treating physicians certified that the patient's need for the device was permanent. Because Medicare would not pay the sales tax, none was billed or collected.[1]
The Hinds County Chancery Court concluded the entire enteral feeding system was exempt from sales tax within the statutory meaning of "medicines" as defined by Miss. Code Ann. § 27-65-111(h) (1972). The chancellor entered judgment against the Commission for the tax incorrectly assessed and collected plus accrued interest. The Commission appeals raising three issues:
Issue (1): The lower court erred in denying the Tax Commission's motion to dismiss (a) the court erred in finding that jurisdiction *988 of the parties and the subject matter of the suit; and (b) the court erred in refusing to dismiss the case since Medical Devices did not have a certificate of authority to engage in business in Mississippi; and
Issue (2): The court erred in finding "that both the formula and the apparatus used in this cause are excluded by 27-65-111(h)"; and
Issue (3): The court erred in finding that "here certainly the drug and medicine are ... furnished by hospitals for the treatment of any patient pursuant to the order of a licensed physician."
We conclude Medical Devices failed to meet its burden of proof that the sales of enteral feeding devices are included within the statutory definition granting sales tax exemption. We reverse and render.

II.
Medical Devices, Inc., a Tennessee corporation,[2] sells enteral feeding devices, consisting of a stand, a pump, bags and tubes, as well as nutritional supplements under the brand name Ensure, to nursing homes and to persons in nursing homes located in Mississippi. No sales tax was paid on those sales. Following an audit by the Mississippi State Tax Commission, Medical Devices was assessed sales tax in the amount of $287,101.55. Although Medical Devices had collected some sales tax on sales in Mississippi, it had not applied for a sales tax number nor had it paid the taxes collected to the State Tax Commission. Medical Devices appealed the assessment to the Board of Review which affirmed the assessment for delinquent taxes for the years 1985, 1986, 1987, 1988 and through May 31, 1989 in the total amount of $287,101.55. Medical Devices next appealed the Board of Review's order to the Full Tax Commission. The Full Tax Commission affirmed and, in addition, assessed accrued interest in the amount of $33,064.65, making the total amount of $320,166.20 due from Medical Devices. Medical Devices paid $28,278.29 representing a partial payment of the taxes for the year 1985 and filed suit in the Hinds County Chancery Court for recovery of improper taxes pursuant to Miss. Code Ann. § 27-65-47 (1972).
Medical Devices contends the sale of the feeding devices and food supplements as one unit is exempt from sales tax under the provisions of Miss. Code Ann. § 27-65-111 (1972). By counterclaim, the Commission denies the tax exemption and seeks judgment against Medical Devices for the delinquent tax plus accrued interest and penalties.
Medical Devices does not challenge the accuracy of the tax assessment in its pleadings nor does it offer any proof to rebut the Commission's total. Medical Devices' case is based entirely upon the claim that both the food supplement and feeding device as one unit are exempt from sales tax by the statutory definition of medicines.
Medical Devices' proof came through the testimony of three witnesses:
(1) Walter Walsh, secretary-treasurer of Medical Devices, testified that Medical Devices sells feeding devices and nutritional supplements directly to persons living in nursing homes in Mississippi and bills Medicare in the person's name for payment. Medicare requires a doctor to certify that the system and supplements are a permanent medical necessity for payment. Walsh admitted that the nutritional supplements it sold are available without prescription.
(2) and (3) Drs. Walter Boone and Glenn Morris testified that they ordered feeding devices and supplements for patients who needed the device either for temporary or permanent sustenance of life. They concluded the devices are prosthetics and paid for as such by Medicare.
The Commission's proof came through these witnesses:
(1) Sandra Quinn, an auditor with the Mississippi State Tax Commission, testified that at no time had Medical Devices disputed her computations of the taxes due, either at the audit stage, or in review before the Board of Review or before the Full Commission *989 hearing. She testified that she bought the can of Ensure, received in evidence, from a Jitney Jungle grocery store without a prescription and paid sales tax on the purchase.
(2) Stephen Smith, a CPA and Assistant Director of the Sales Tax Division, testified that food is not exempt from sales tax. He corroborated the testimony of Sandra Quinn that the feeding device is taxable as an instrument, apparatus, contrivance, appliance, device or other mechanical equipment excluded as medicine under Miss. Code Ann. § 27-65-111 (1972). Both Smith and Quinn concluded that the nutritional supplements were not "drugs or medicines" within the statutory definition.
(3) Larry Overstreet, owner of seven nursing home facilities, testified that his Rose Lawn Nursing Home paid Mississippi sales tax to Medical Devices on sales of nutritional supplements and feeding devices. The invoices representing those sales, as well as Rose Lawn's cancelled checks reflecting the payment, were introduced as evidence. Overstreet admitted that the food supplements were administered orally to patients as well as through use of feeding devices.
Medical Device argues the food tubes that are surgically implanted in the patient's body and the food tubes that are inserted in the patient's mouth or nose satisfy the definition of permanently implanted. Regardless of how the tubes are attached, Medical Devices argues it is "permanently implanted" qualifying the entire enteral feeding system as exempt. Once implanted in the patient, the device becomes a permanent apparatus and assists the functioning of the human organs. Medical Devices also contends that because the food supplements it calls "nutritional formulas" are furnished by a "hospital" upon order of a physician, they are called "medicines" and are tax exempt.
The Commission contends Medical Devices failed to meet the burden of proving the goods sold are "medicines" within the statutory definition. The proof shows the supplement can be bought without a prescription at grocery stores and pharmacies by paying the purchase price plus sales tax. The proof shows that the food supplement is given to some patients by mouth without the device; that the supplement is given to some patients through a tube inserted in the patient's mouth or nose and some through a tube surgically implanted in the patient's stomach. There is no proof that the feeding devices are "permanently implanted in the human body to assist the functioning of any natural organ, artery, vein or limb and which remain or dissolve in the body."

III.
We conclude the chancery court had jurisdiction of the parties and subject matter and limit our discussion to the tax exemption question raised in Issues (2) and (3). Miss. Code Ann. § 27-65-17 (1972) imposes a tax:
Upon every person engaging or continuing within this state in the business of selling any tangible personal property whatsoever there is hereby levied, assessed and shall be collected a tax equal to six percent (6%) of the gross proceeds of the retail sales of the business, except as otherwise provided herein. (emphasis added)
By amendment effective July 1, 1992, the sales tax was increased to seven percent (7%).
Our limited review of the chancellor's findings of fact is the familiar manifest error/substantial evidence rule. We review law application de novo and our scope of review is plenary. Myers v. Blair, 611 So.2d 969, 971 (Miss. 1992).
Medical Devices contends the feeding devices and food supplements it sold are exempt from sales tax under the provisions of Miss. Code Ann. § 27-65-111 (1972) which states, in pertinent part:
(h) The gross proceeds of retail sales and the use or consumption in this state of drugs and medicines:

(i) Prescribed for the treatment of a human being by a person authorized to prescribe the medicines, and dispensed or prescription filled by a registered pharmacist in accordance with law; or
(ii) Furnished by a licensed physician, surgeon, dentist or podiatrist to his own patient for treatment of the patient; or

*990 (iii) Furnished by a hospital for treatment of any person pursuant to the order of a licensed physician, surgeon, dentist or podiatrist; or
(iv) Sold to a licensed physician, surgeon, podiatrist, dentist or hospital for the treatment of a human being; or
(v) Sold to this state or any political subdivision or municipal corporation thereof, for use in the treatment of a human being or furnished for the treatment of a human being by a medical facility or clinic maintained by this state or any political subdivision or municipal corporation thereof.
"Medicines," as used in this subsection shall mean and include any substance or preparation intended for use by external or internal application to the human body in the diagnosis, cure, mitigation, treatment or prevention of disease and which is commonly recognized as a substance or preparation intended for such use; provided that "medicines" do not include any auditory, prosthetic, ophthalmic or ocular device or appliance, any dentures or parts thereof or any artificial limbs or their replacement parts, articles which are in the nature of splints, bandages, pads, compresses, supports, dressings, instruments, apparatus, contrivances, appliances, devices or other mechanical, electronic, optical or physical equipment or article or the component parts and accessories thereof, or any alcoholic beverage or any other drug or medicine not commonly referred to as a prescription drug.

Notwithstanding the preceding paragraph of this subsection, "medicines," as used in this subsection, shall mean and include sutures, whether or not permanently implanted, bone screws, bone pins, pacemakers and other articles permanently implanted in the human body to assist the functioning of any natural organ, artery, vein or limb and which remain or dissolve in the body.

"Hospital," as used in this subsection, shall have the meaning ascribed to it in Section 41-9-3, Mississippi Code of 1972. (emphasis added).
Miss. Code Ann. § 73-21-73(v) (Supp. 1992) defines "prescription drugs" as follows:
(q) "Prescription drug" or "legend drug" shall mean a drug which is required under federal law to be labeled with either of the following statements prior to being dispensed or delivered:
(i) "Caution: Federal law prohibits dispensing without prescription," or
(ii) "Caution: Federal law restricts this drug to use by or on the order of a licensed veterinarian"; or a drug which is required by any applicable federal or state law or regulation to be dispensed on prescription only or is restricted to use by practitioners only.
There is no proof that the nursing homes in question come within the definition of "hospital." There is no proof that the food supplements come within the definition of "prescription drugs."
The unequivocal proof is the food supplements are not "prescription drugs" within the statutory definition and as stated previously, there is no proof the systems are permanently implanted in the human body.
This Court has consistently applied the familiar rule of construction in tax exempt cases:
Since taxation is the rule and exemption is the exception, and since exemptions from taxation are not favored, general rule is that a grant of exemption from taxation is never presumed; on the contrary, in all cases having doubt as to legislative intention, or as to inclusion of particular property within terms of statute, presumption is in favor of taxing power, and burden is on claimant to prove or establish clearly his right to exemption, bringing himself clearly within terms of such conditions that statute may impose.
United States v. State of Miss., 578 F. Supp. 348, 349 (S.D.Miss. 1984).
In Better Living Services, Inc. v. Bolivar County, 587 So.2d 914, 916-17 (Miss. 1991), this Court stated "that the law exempting property will be strictly construed against the exemption and in construing the statute the rule ejusdem generis applies." "The language of the statute must be construed most *991 favorably to the taxing power, and the claimant has the burden of showing clearly his right to an exemption." Fuel Services, Inc. v. Rhoden, 245 So.2d 600, 602 (Miss. 1971).
In Monaghan v. Jackson Casket Company, 242 Miss. 840, 136 So.2d 603 (1962), the Court denied a general sales tax exemption to a list of articles, supplies and equipment sold to undertakers that were claimed sales tax exempt under the statute exempting "materials used in the preparation of human bodies for burial."
In Monaghan, the Court stated and applied the following rules of construction:
When the statute purports to grant an exemption from taxation, the universal rule of construction is that the tax exemption provision is to be construed strictly against the one who asserts the claim of exemption, in the absence of expressed legislative intent that the exemption is to be construed otherwise.
... "The rule is universal that he who claims exemption (from taxation) must show affirmatively an exemption expressly declared, and that the claimant is clearly embraced within the terms of the exemption." ... [O]ne claiming exemption from taxation assumes the burden of showing that he is entitled to it; and that statutes of exemption from taxation must be strictly construed... . [T]he Court again held that persons or corporations seeking an exemption from taxation must bring themselves within the letter of the statute. All reasonable doubts are resolved against the exemption.
... [T]he language of the statute must be construed most favorably to the taxing power.
Monaghan, 242 Miss. at 850-51, 136 So.2d at 606. (citations omitted) (emphasis added).
This rule of construction is amplified in 68 Am.Jur.2d Sales and Use Tax § 123 (1993):
The burden of proof is placed upon the taxpayer to establish an exemption from a sales tax provision, and to show clearly that he comes within the exemption.
Because statutes that provide exemptions from taxation are a matter of legislative grace, they must be strictly construed against the taxpayer. Some courts have gone so far as to say that one claiming an exemption has the burden of establishing it beyond a reasonable doubt.
Medical experts, testifying as Medical Device witnesses, testified that the food supplement in question is classified as a prosthesis. Under Miss. Code Ann. § 27-65-111(h)(v) (1972), prosthetics are not exempt from sales tax. The system does not come within the general definition of prosthetic.
§ 140. Medical supplies.
... A device is a "prosthetic," for this purpose, if it substitutes for the missing function of a bodily part, whether the part is missing or whether for whatever reason the part is nonfunctioning or has reduced function.
68 Am.Jur.2d Sales and Use Tax § 140 (1993).
Other courts have considered similar tax exempt claims. The Missouri Supreme Court has denied sales tax exemption to medical grade oxygen sold without involvement of a licensing pharmacist. The Court ruled the oxygen was not a "prosthetic device" exempt from sales tax based on the evidence that the administration of oxygen supplemented lung activity, rather than replacing it. Medic House, Inc. v. Director of Revenue, 799 S.W.2d 80 (Mo. 1990).
The Tennessee Supreme Court ruled, in the context of a case involving the validity of court awarded attorney fees, that a similar feeding system was a "prosthetic" specially exempted from sales tax by statute. The Tennessee Commissioner of Revenue had earlier confessed that the fluids or formulas used in connection with the feeding system were exempt from sales tax as "prescription drugs." Nutritional Support Services v. Taylor, 803 S.W.2d 213 (Tenn. 1991).
In an earlier case, the Tennessee Supreme Court ruled implantable cardiac pacemakers and hydrocephalus valve systems were "prosthetics" within the meaning of the statute granting exemption from sales tax. In that case, the Court concluded the taxpayer had met its burden of proving entitlement to an exemption under the statute. That proof included the testimony of medical experts *992 and the definition of "prosthesis" contained in a medical dictionary. Cordis Corp. v. Taylor, 762 S.W.2d 138 (Tenn. 1988).
Medical Devices' proof by medical experts is that the device is a prosthetic and the food supplement is not a prescription drug. That proof fails to show affirmatively that the enteral feeding system comes within the letter of the statute granting exemption from sales tax.

IV.
Medical Devices had the burden of proving the enteral feeding system was exempt from sales tax within the exceptions granted by statute. This the taxpayer failed to do. Accordingly, the Chancery Court committed manifest error by granting Medical Devices sales tax exemption.
Judgment is entered here reversing and rendering the Chancery Court judgment awarding Medical Devices $28,278.29 against the Mississippi State Tax Commission. The order of the Mississippi State Tax Commission is reinstated and the Mississippi State Tax Commission is awarded a judgment against Medical Devices, Inc. in the amount of $320,166.20 plus accrued interest, penalties[3] and cost. This case is remanded to the Mississippi State Tax Commission for computation and collection of the total amount of the judgment against Medical Devices, Inc.
REVERSED AND RENDERED IN PART, REMANDED TO THE MISSISSIPPI STATE TAX COMMISSION FOR COMPUTATION AND COLLECTION.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
BANKS, J., not participating.
NOTES
[1] Medical Devices billed and collected sales tax on enteral feeding systems sold to Rose Lawn Nursing Home but failed to remit those "trust fund monies" to the Tax Commission.
[2] Medical Devices, Inc.'s certificate of authority to engage in business within the State of Mississippi was suspended on February 16, 1990, by the Secretary of State for failure to file annual reports.
[3] The 15% damages provided in Miss. Code Ann. § 11-3-23 (1972) do not apply in this case.