# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-00954-SCT

*MISSISSIPPI STATE TAX COMMISSION AND THE STATE OF MISSISSIPPI*

*v.*

*OSCAR E. AUSTIN TRUST AND OSCAR E. AUSTIN, TRUSTEE*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/30/97 |
| TRIAL JUDGE: | HON. PAT WISE |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | BRAD D. WILKERSON |
| | BOBBY R. LONG |
| ATTORNEY FOR APPELLEES: | HARRIS H. BARNES |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 08/13/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/3/98 |

**BEFORE SULLIVAN, P.J., McRAE AND SMITH, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. The Mississippi State Tax Commission appeals a June 30, 1997 order of the Hinds County Chancery Court, granting a motion for summary judgment in favor of Oscar E. Austin and the Oscar E. Austin Revocable Trust and denying the Commission's cross-motion for summary judgment. The chancellor found that the transfer of Austin's automobile into a revocable trust did not subject it to sales tax pursuant to Miss. Code Ann. § 27-65-201 (1990). We agree.

I.

¶2. Oscar E. Austin established a revocable trust on December 18, 1993, as amended January 29, 1994, known as the Oscar E. Austin Revocable Trust. The trust was designed to provide for his needs and those of his wife during his lifetime, and at his death, to pass assets to his wife through a marital deduction trust pursuant to Section 2056 of the Internal Revenue Code, as well as to his children and grandchildren, and to other named beneficiaries. Various assets were transferred from Austin, as creator, to the trust with Austin as trustee during his lifetime.

¶3. Austin's 1988 Oldsmobile 98 was among those assets placed in the trust. Title was transferred from Austin to the trust on May 4, 1994. At that time, he was assessed sales tax in the amount of $139.00 pursuant to Miss. Code Ann. § 27-65-201, the casual tax imposed on the sale of automobiles. He paid under protest.

¶4. The Board of Review of the State Tax Commission denied Austin's written Claim for Refund on April 20, 1995. Austin appealed the decision. By order dated September 27, 1995, the Commission denied Austin's request for a refund he sought in the amount of $139.00 he paid upon transferring his automobile to the trust, stating:

> . . . Miss. Code Ann. § 27-65-201 (1972) provides that a three percent (3%) tax is imposed on every "person" purchasing any motor vehicle required to be registered in this state. This statute is commonly referred to as the casual sales tax on motor vehicles. In defining "person," the sales tax law, Miss. Code Ann. § 27-65-3(c) provides that trusts are included within said term. Therefore, the Commission is satisfied that the transaction in question is subject to the tax.

¶5. On October 12, 1995, the Oscar E. Austin Revocable Trust, by and through Oscar E. Austin, Trustee, filed a complaint in the Chancery Court of the First Judicial District of Hinds County appealing the Commission's ruling that the transfer of Austin's personal automobile into a revocable trust, set up as an alternative to a will, was a transfer pursuant to Miss. Code Ann. § 27-65-201 and subject to a casual sales tax.

¶6. Austin filed a motion for summary judgment on February 20, 1996, asserting that, as a matter of law, he was not liable for sales tax on the transfer of his automobile to the trust since the transaction was not a "purchase" as contemplated by Miss. Code Ann. § 27-65-201. The Commission filed a cross-motion for summary judgment, asserting that transfer of title to a motor vehicle is a taxable event, reflected by the transfer documents which showed Austin as the seller and the trust as the purchaser. A hearing on the motions was held on March 7, 1997. Finding that the transfer of the automobile title from Austin's name to the Trust was not subject to the tax on the sale of motor vehicles, the chancellor entered an order on July 15, 1997, granting the Trust's motion for summary judgment and denying the Commission's cross-motion for summary judgment. The Commission was ordered to remit $139.00 plus interest to the Trust.

## II.

¶7. This Court, like the chancery court, reviews decisions of the State Tax Commission under the arbitrary and capricious standard. *Kerr-McGee Chemical Corp. v. Buelow*, 670 So. 2d 12, 16 (Miss. 1995); *Mississippi State Tax Comm'n v. Jenkins*, 624 So. 2d 91, 92 (Miss. 1993). However, the Supreme Court will not defer to the Commission's interpretation of a taxation statute when the interpretation is repugnant to the plain meaning thereof. *Mississippi State Tax Comm'n v. Dyer Inv. Co., Inc*., 507 So. 2d 1287, 1289 (Miss. 1987). Further, this Court reviews the chancellor's findings of fact under the manifest error/substantial evidence rule. *Mississippi State Tax Comm'n v. Medical Devices, Inc.*, 624 So. 2d 987, 989 (Miss. 1993). This Court reviews the application of the law de novo and the scope of review is plenary. *Id.* at 989.

## III.

¶8. A living trust is but one of many forms of will substitutes. *See,* Douglas H. Lefeve, Note, Will Substitutes in Mississippi, 41 Miss. L. J. 177, 185-86 (1969). By definition, such a trust, when revocable, as well as any title to property contained therein, "continue[s] and exist[s] only at the will and pleasure of the settler." *Hiserodt v. Hamlett*, 74 Miss. 37, 47, 20 So. 143, 145 (1896). Discussing the requisites of transferring property by means of a valid and enforceable trust, whether revocable or not, this Court has stated that "'[i]t is not essential, however, that the donor should part with the possession in cases where he thus creates or declares a trust.'" *Ladner v. Ladner,* 128 Miss. 75, 79, 90 So. 593, 595 (1922)(quoting 2 Pomeroy, Equity Jurisprudence, § 997). At issue, in a case of first impression before this Court, is whether the transfer of title to an individual's automobile, which is to remain in his use and possession, from his own name to that of a revocable trust, for which he is both creator and trustee, is subject to state sales tax pursuant to Miss. Code Ann. § 27-65-201 (1990).

¶9. Sales of motor vehicles in Mississippi are taxed pursuant to § 27-65-201, which provides in relevant part:

**Tax upon sale or use of motor vehicles.**

(1) For the purposes of this section, unless the context otherwise requires, the term "motor vehicle" means a motor vehicle required to be registered or licensed by the county tax collectors pursuant to Section 27-19-43, Mississippi Code of 1972.

(2) Upon every person, firm or corporation purchasing other than at wholesale within this state any motor vehicle required to be registered or licensed with the tax collector of any county in this state from any person, firm or corporation which is not a licensed dealer engaged in selling motor vehicles, there shall be levied and collected a sales tax at the rate of three percent (3%) of the true value of the motor vehicle as calculated by using the most current official motor vehicle assessment schedule supplied by the State Tax Commission.

* * * * *

(7) The tax levied by this section shall not apply to the following:

(a) Transfers of legal ownership of motor vehicles between husband and wife, parent and child, or grandparents and grandchildren, unless the transferor is a licensed dealer of motor vehicles and the transfer of the motor vehicle is made in the regular course of business.

(b) Transfers of legal ownership of motor vehicles pursuant to a will or pursuant to any law providing for the distribution of the property of one dying intestate.

(c) Transfers of legal ownership of motor vehicles ten (10) or more years after the date of the manufacture of such vehicle.

In ruling that Austin's transfer of his automobile title from his individual name to the revocable trust was not a taxable event, the Chancellor found that the transaction was neither a "sale" as contemplated by § 27-65-201 nor a "closed transaction" pursuant to the Miss. Code Ann. § 27-65-3(f)(1990) definition of "sale," as the Commission now argues. She further rejected the Trust's

argument that the transaction fell under the statutory exemption for property transferring under a will.

¶10. The parties agree that while no definition of "purchase" appears in the statutory definitions, "purchase" is interchangeable with the term "sale," defined as follows in § 27-65-3(f):

> (f) "Sale" or "sales" includes the barter or exchange of property as well as the sale thereof for money or other consideration, and every closed transaction by which the title to taxable property passes shall constitute a taxable event.

They differ, however, as to whether the transfer of title to the vehicle from Austin, individually, to the Austin Trust, is a "closed transaction," for which no statutory definition is provided. While each party cites authority for its tenets of statutory interpretation, neither cites any to support its construction of the statutory language.

¶11. The Commission relies on *Tower Loan of Mississippi, Inc. v. Mississippi State Tax Comm'n,* 662 So. 2d 1077 (Miss. 1995) for the proposition that where there is no statutory definition of a word or phrase, "it must be given its common and ordinary meaning." *Id.* at 1083 (employing the Black's Law Dictionary definition of "book value"). *See also* **Lambert v. Ogden,** 423 So. 2d 1319 (Miss. 1982)(using the popular definition of "truck" found in Webster's Third New International Dictionary). Thus, the Commission turns to Webster's to define "closed transaction" as a "completed business transaction."[1] It neglects to point out that Black's Law Dictionary defines "closed transaction" as a

> Term used in tax law to describe a taxable event which has been consummated. For example, diminution in value of goodwill of business is not a closed transaction so as to permit deduction of the diminution of value as ordinary loss.

Black's Law Dictionary 255 (6th ed. 1990). Further, it condemns the chancellor's reliance on federal tax law and *Corpus Juris Secundum*, asserting that income tax and sales tax must be analyzed separately.

¶12. The Trust urges an interpretation of the statutory language which gives effect to every provision of the statute, **Brady v. John Hancock Mutual Life Insurance Co.**, 342 So. 2d 295 (Miss. 1977) and which will achieve a rational result, citing **Hunt v. Hunt,** 629 So. 2d 548 (Miss. 1992), *partially overruled on other grounds,* **Powell v. Powell,** 644 So. 2d 269 (Miss. 1994). Thus, the Trust argues that the chancellor correctly considered the sales tax statute in light of estate tax law and sought to achieve a rational result.

¶13. The chancellor noted that while Mississippi estate tax law, Miss. Code Ann. § 27-9-1 et seq. (rev. 1991 and 1996), does not expressly address revocable trusts,[2] pursuant to § 27-9-59, terms of the section are to be construed consistently with federal law. She found that under federal law, the exchange of property between a trust and the person treated as "owner of the trust" is not recognized as a sale. She further noted the general principle that:

> There can be no sale, exchange, or other disposition of property for tax purposes unless and until the transaction involved is completed and closed. In any given case, the test to be applied

to determine whether a transaction is a closed one is a practical test. There are no hard and fast rules of thumb for determining when a sale is completed and closed for tax purposes. The intention of the parties is important, as is the transfer of title. Also significant is the transfer of possession, dominion, and control of the property. Retention of a right that has no practical or commercial value does not preclude a transfer from constituting a sale for tax purposes. A sale may be complete for tax purposes despite the existence of future contingencies. The issue may turn on whether there has been such substantial performance of conditions precedent as imposes on the purchaser an unconditional obligation to pay. No single factor is controlling, and the determination of whether a transaction is complete often becomes a question of fact for the trier of fact, to be resolved by a practical consideration of all surrounding facts and circumstances.

47A C.J.S. Internal Revenue § 100 (1996)(footnotes omitted). Considering these factors, the chancellor found that Austin's continuing income and estate tax liability for the trust assets, his ongoing beneficial interest in the assets and his power to re-vest title of the car in himself, either by revoking the trust or by withdrawing the asset from the trust, favored a finding that the transaction was not closed.

¶14. The chancellor's determination that transfer of the automobile title from Austin individually to the revocable trust is not a closed transaction subject to the casual sales tax further is consistent with federal law. In ***Estate of Sanford v. Commissioner of Internal Revenue,*** 308 U.S. 39, 43-45 (1939), the United States Supreme Court held that a transfer to a revocable trust is not complete until the right to revoke is extinguished by the settlor's death. Likewise, in ***Burnet v. Guggenheim,*** 288 U.S. 280, 284-286 (1933), the Court found that for gift tax purposes, the creation and funding of a revocable trust is not a gift because when the settlor retains the power to revoke, the "gift" is "inchoate and imperfect."

IV.

¶15. The Commission's interpretation of the statute is arbitrary and capricious as well as contrary to the intent of the statute. We further are not persuaded by its argument that the Legislature expressly intended "any completed transfer of title" to be subject to sales tax unless specifically exempt pursuant to §§ 27-65-201(7)(a), (b) or (c), based on H.B. 1729, introduced in the 1997 Regular Session of the Legislature to amend § 27-65-201 to provide further statutory exemptions for transfers of legal ownership made into revocable trusts. According to the Commission, the fact that the bill died substantiates its position that the Legislature intended that all "completed transfers" save those already excepted should be exempt from sales tax. We decline to speculate.

¶16. The chancellor properly recognized that statutory sales tax provisions cannot be construed in a vacuum and when applied must be read in light of the laws of trusts and estates. We therefore affirm the decision of the court below.

¶17. **JUDGMENT IS AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH, MILLS AND WALLER, JJ., CONCUR. ROBERTS, J., CONCURS IN RESULT ONLY.**

1. According to the Commission's brief, Webster's defines "closed" as to end, conclude, finish or complete, and "transaction" as a business deal.

2. The section's only reference to trusts appears to be Miss. Code Ann. § 27-9-7(d), which consistent with federal law, provides that a transfer of assets into a trust within three years of death, is deemed prima facie to have been made in contemplation of death.